## STATE v. ELIAS BUTTS.

### *Cruelty to Animals—Indictment—Evidence.*

1. Where, in an indictment, a word, not used in the statute, is substituted for one so used, the indictment will be sustained, if the substituted word is of equivalent or more extensive signification.   Evidence that defendant shot a cow to prevent her from injuring his crops, and that she entered his field at a part of a dividing fence, which the owner of the cow ought to keep in repair, properly rejected.

2. Under the statute—*The Code*, sec. 2482—it is a misdemeanor to wound or injure stock even when trespassing on defendant's crops.

*(State* v. *Stanton*, 1 Ired., 424, cited and approved).

This was an INDICTMENT, tried before *Philips, Judge,* at Fall Term, 1884, of GREENE Superior Court.

The indictment charged that the defendant Elias Butts, wilfully and unlawfully, did cruelly beat and shoot, and needlessly mutilate, torment and torture, a certain useful animal, to-wit: one cow, the property of Joseph Dixon, contrary to the form of the statute, &c. It was in proof on the trial, that the cow was shot three times, in an inclosure of the defendant not surrounded by a lawful fence, in the county of Greene, and it was admitted that Greene county was a no-fence section, and was made so by an act of the Legislature passed on the 7th day of February, 1883.

The defendant proposed to show that he shot the cow to prevent her from destroying his crops. This was objected to by the solicitor. The objection was sustained and the defendant excepted. The defendant then proposed to show that the place where the cow came into his field when she was shot, was a part of a cross fence between the defendant and Joseph Dixon, the owner of the cow, and that part of the cross fence it was the duty of the said Dixon to keep up.

This evidence was objected to by the solicitor. The objection was sustained by the court, and the defendant excepted.

The defendant introduced himself as a witness and testified that he complained to Dixon, the owner of the cow, about his cow's injuring his crops, and Dixon told him that if he would put yokes on his cows, that they could not trouble him any more. That he did put good substantial yokes on the cows, that the yokes were taken off, and the cows troubled him again, and he showed by another witness that these yokes were sawed off and that he had seen them lying in the yard of Dixon.

The defendant contended that the statute against injuring stock in an inclosure not surrounded by a lawful fence having been repealed by the 18th section of the act of 1883, placing Greene county in a "no-fence" section, that he had the right to shoot the cow to prevent her from destroying his crops; and the law against cruelty to animals under which the indictment was drawn,

50

and under which the defendant was tried, was not intended to apply to cases where persons injured stock to prevent their injuring crops, but was intended only to apply to wanton and useless cruelty to animals.

The Judge charged the jury that if they were satisfied that the defendant shot and wounded a cow, the property of Joseph Dixon, at the time and place mentioned by the witnesses, the defendant was guilty, but if they were not fully satisfied of these facts they would find not guilty.

To this charge the defendant excepted.

The jury found the defendant guilty, and there was judgment from which the defendant appealed.

*Attorney-General,* for the State.
*Mr. W. C. Monroe,* for the defendant.

ASHE, J. (after stating the facts). The section of *The Code* under which the indictment was drawn is as follows:

"If any person shall wilfully overdrive, overload, wound, injure, torture, torment, deprive of necessary sustenance, or cruelly beat, or needlessly mutilate, or kill, or cause or procure to be overridden, overloaded, wounded, injured, tortured, tormented, or deprived of necessary sustenance, or to be cruelly beaten, needlessly mutilated, or killed, as aforesaid, any useful beast, fowl or animal, every such offender shall, for every such offence, be guilty of a misdemeanor." *The Code,* §2482.

At the first blush we were doubtful whether the indictment in this case could be sustained, because it does not follow the words of the statute—but, upon consideration, we are of the opinion it is sufficient. The indictment charges the defendant with *shooting* the cow. Shooting is not mentioned in the statute, but the wounding of animals is forbidden, and the shooting necessarily includes wounding. In the *State* v. *Lonon,* 22 Miss., 449, it is said: "In criminal cases the definition of *wound* is an injury to the person by which the skin is broken."

We cannot well imagine a case of injury by shooting where the *skin* is not broken, and Archbold, in his work on Criminal Pleadings, lays down the doctrine to be: "When a word not in the statute is substituted in the indictment for one that is, and the word thus substituted is equivalent to the word used in the statute, or is of more extensive signification than it, the indictment will be sufficient." See also *State* v. *Stanton,* 1 Ired., 424.

The defendant contended in the court below and in this Court, that the statute against injuring stock in an inclosure not surrounded by a lawful fence having been repealed by the 18th section of act of 1883, placing Greene county in a "no-fence" section, that he had a right to shoot the cow to prevent her from destroying his crops, and the law against cruelty to animals, under which the indictment was drawn, and under which the defendant was tried, was not intended to apply to cases where persons injured stock to prevent their injuring crops, and was intended to apply only to wanton and useless cruelty to animals.

The defendant's counsel is mistaken in his construction of the statute. As most of the injuries to animals occur in cases just like this, where they are shot, wounded or injured by persons upon whose crops they are found trespassing, it is fair to presume that this was one of the mischiefs intended to be prevented by the Legislature. It never was the law that a man might shoot and kill his neighbor's horses and cows for a trespass upon his crops. The temptation to do so was guarded against by the law which required every man to keep up, around his cultivated grounds, a fence five feet high, which was supposed by the Legislature to be sufficient to keep out marauding stock; and when the Legislature, as in Greene county, abolished the requirement of a lawful fence, or, in other words, established the "no-fence law," it made provisions for guarding against the trespasses of stock, as in the Act of 1883, chap. 70, it declared that it shall not be lawful for any live stock to run at large in the counties of Lenoir and Greene. The second section of the act made it a misdemeanor for any one within the boundaries defined in the act, wilfully to per-

mit his stock to run at large—and then by the fifth section of the act, it is made lawful for any person to take up any live stock running at large in the territory embraced in this act, and to impound the same in the township where the stock is taken up, and then the act proceeds to prescribe the proceedings to be had after the stock is impounded.

These are the remedies prescribed by the Legislature for preventing stock from trespassing upon and destroying crops.

The owner of stock may be indicted every time he wilfully permits his stock to run at large, and when they are found running at large they may be impounded, whether wilfully or negligently permitted.

At common law no man had the right to be his own avenger by shooting any cattle that he might find destroying his crops or treading down his grass. If one found the beasts of a stranger wandering in his grounds *damage feasant,* that is, doing him hurt or damage by treading down his grass or the like, the law provided that he might distrain them till satisfaction was made for the injury he had sustained; in other words, that he might impound them, as is provided in the act of 1883. *The Code,* §2482.

There is no error. Let this be certified to the Superior Court of Greene county, to the end that the case may be proceeded with according to law.

No error.                                            Affirmed.