### STATE v. HARTMAN RIDDLER.

(Filed 2 May, 1956.)

**Criminal Law § 81c(4)—**

Where concurrent sentences are imposed upon conviction on two counts, any error relating to one count only would be harmless.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Armstrong, J.,* December Term, 1955, of RANDOLPH.

*Attorney-General Rodman and Assistant Attorney-General McGalliard for the State.*

*Brown & Mauney and E. H. Morton, Jr., for the defendant, appellant.*

PER CURIAM. The warrant on which the defendant was tried in the Superior Court, pursuant to his appeal from conviction in the Recorder's Court, contained two counts, charging (1) possession of nontaxpaid whiskey for the purpose of sale, and (2) sale of one pint of nontaxpaid whiskey. There was verdict of guilty on both counts, and judgment was pronounced imposing concurrent prison sentences of 12 months on the first count and 18 months on the second count.

The defendant noted exception to the court's charge to the jury on the first count, and contended on the argument here that the expressions used by the court to which he excepted tended to prejudice his cause.

However, without conceding error, we deem it unnecessary to discuss the question, as we note that on the verdict of guilty on both counts the court imposed concurrent prison sentences on the two counts. Hence it would seem no harm has resulted to the defendant of which he can justly complain.

No error.

JOHNSON, J., took no part in the consideration or decision of this case.

The foregoing opinion was prepared by *Devin, Emergency Justice,* while he was sitting in place of *Johnson, J.,* who was absent on account of his physical condition. It is now adopted by the Court and ordered filed.