## STATE v. SUDIE SMITH BOOKER.

(Filed 6 May, 1959.)

**1. Criminal Law § 164—**

Where concurrent sentences are imposed upon each of two counts contained in a bill of indictment, if no error is found in respect to the trial of one of the counts, exceptions relating to the other count need not be considered.

**2. Larceny § 1—**

Larceny is the felonious taking and carrying away from any place at any time the personal property of another without the consent of the owner and with the felonious intent to deprive the owner of his property permanently and to convert it to the use of the taker or to some person other than the owner, and an instruction to this effect is without error.

**3. Same: Larceny § 7—**

Evidence tending to show that the hogs of another were on defendant's land and that defendant took the hogs and sold them to get them off of her property, *is held* sufficient to be submitted to the jury in a prosecution for larceny of the hogs, there being no question raised as to defendant's right to impound the hogs. G.S. 79-3.

**4. Same—**

The felonious intent of a person in converting to his own use the property of another at the time of the taking must necessarily be determined by the jury from the statements and conduct of the witnesses and the surrounding circumstances.

APPEAL by defendant from *Thompson, S. J.,* November 1958 Criminal Term of HARNETT.

Defendant was put on trial on a bill of indictment containing two counts. The first count charged a felonious breaking and entering in violation of G.S. 14-54; the second count charged larceny of swine and other personal property having a value in excess of $100, a common law felony.

The jury found defendant guilty of a nonfelonious breaking and of larceny. A prison sentence of twelve months was imposed on each count. The judgment provides that the sentences shall run concurrently.

*Attorney General Seawell, Assistant Attorney General Bruton, and Bernard A. Harrell of Staff, for the State.*

*Taylor & Mitchell for defendant, appellant.*

RODMAN, J.   Unless error was committed in the trial as it relates to the charge of larceny, a felony, defendant does not seek another trial on the charge of breaking and entering. If error existed with respect to that count, it would be harmless, and another trial on that count might result in a consecutive sentence and hence be prejudicial to defendant. *S. v. Riddler,* 244 N.C. 78, 92 S.E. 2d 435; *S. v. Stonestreet,* 243 N.C. 28, 89 S.E 2d 734; *S. v. Cephus,* 241 N.C. 562, 86 S. E. 2d 70.

The trial judge, in charging the jury, defined larceny as: "the felonious taking and carrying away from any place at any time of the personal property of another, without the consent of the owner, with the felonious intent to deprive the owner of his property permanently and to convert it to the use of the taker or to some other person than the owner." Defendant excepted to this portion of the charge. The definition given contains all the elements necessary to constitute and accurately describe the crime. *S. v. Griffin,* 239 N.C. 41, 79 S.E. 2d 230; *Auto Co. v. Ins. Co.,* 239 N.C. 416, 80 S.E. 2d 35; *S. v. Cameron,* 223 N.C. 449, 27 S.E. 2d 81; *S. v. Holder,* 188 N.C. 561, 125 S.E. 113.

As we understand defendant's position, her exception to the definition and her exceptions to other portions of the charge as they relate to the second count are intended to emphasize her exceptions to the refusal of the court to allow her motion to nonsuit for that (a) there

was no evidence of a wrongful taking, and (b) there was no evidence of a fraudulent intent.

The prosecuting witness testified that he owned five hogs worth $250. He left them in a field which he had planted in peas and beans while he made a trip to Tennessee to attend a church meeting. The land he occupied had, about three months prior, been adjudged the property of, with the right to possession by, his sister, the defendant. The day before he left for Tennessee he received a letter from defendant telling him to vacate the property. He made no effort to do so before making his trip. When he returned, after an absence of eight days, his hogs were gone. On a search he found four in the possession of Henry McCoy.

McCoy testified that he purchased five hogs from defendant and paid her the price she demanded, $100. He slaughtered one of the five; the other four were identified by prosecuting witness as his hogs.

Defendant, as a witness in her own behalf, testified she had notified her brother, the prosecuting witness, to vacate the land which had been adjudged to belong to her. That litigation did not relate to the hogs or other chattels. She testified: "I sold the hogs to get them off my property because I had told him before to get them off and for him to move."

We are not concerned with any question relating to defendant's right to impound the hogs. She neither asserted any such right or attempted to comply with the statute affording property owners protection against estrays, G.S. 79-3. The taking and sale of the hogs was not rightful; it was wrongful. *S. v. Epps,* 223 N.C. 741, 28 S.E. 2d 219; *S. v. Butts,* 92 N.C. 784; G.S 79-4.

Defendant insists that a mere wrongful taking does not suffice to establish the necessary felonious intent, and because of the failure to establish felonious intent, her motion to nonsuit should have been allowed. To be guilty of larceny, the taking must be accompanied by a felonious intent, that is, an intent to convert to her own use, thereby depriving the owner of the use and possession of his chattels. This intent must exist at the moment the property is taken. But intent is a mere mental state. It is not determined by physical examination. The jury must necessarily determine intent from the statements and conduct of the party who wrongfully takes. *S. v. McNair,* 226 N.C. 462, 38 S.E. 2d 514; *S. v. Delk,* 212 N.C. 631, 194 S.E. 94; *S. v. Kirkland,* 178 N.C. 810, 101 S.E. 560; *S. v. Powell,* 103 N.C. 424.

There is plenary evidence on which a jury could find a felonious intent existing at the moment the hogs were taken by defendant. The

court charged the jury it must so find before a verdict of guilty could be rendered.

No Error.