## STATE v. J. B. MILLER.

(Filed 18 October, 1967.)

**1. Constitutional Law § 32; Criminal Law § 21—**

It is not required that defendant be represented by counsel upon the preliminary hearing.

**2. Criminal Law § 23—**

The acceptance of a plea of guilty on the day after the appointment of counsel for the indigent defendant will not be held for error when there is no request for continuance and the interrogation of the court discloses that defendant entered the plea freely, understandingly, and voluntarily, without compulsion or duress or promise of leniency.

**3. Same—**

Tender and acceptance of defendant's pleas of guilty upon particular charges renders unnecessary proof of defendant's guilt thereof.

**4. Criminal Law § 171—**

Where defendant validly pleads guilty to one count and the sentence therefor is within the statutory maximum and is made to run concurrently with the sentence on the other counts, any error relating to the other counts cannot be prejudicial.

APPEAL by defendant from *Campbell, J.,* May 1967 Criminal Session of CALDWELL.

At said May 1967 Criminal Session, the grand jury returned as true bills six two-count indictments, each indictment charging defendant with two felonies, namely, (1) the forgery of a described check, a violation of G.S. 14-119, and (2) the uttering of said check with intent to defraud, a violation of G.S. 14-120. The court, based on defendant's affidavit of indigency, appointed Paul Beck, Esq., to represent defendant in these criminal actions. Defendant, through his said counsel, tendered pleas of guilty to the *second* count in each of the six indictments, namely, the uttering of a forged instrument, to wit, the check described therein, with intent to defraud. After careful inquiry, and in accordance with defendant's oral and written statements, the court determined and adjudged that defendant's pleas were entered freely, understandingly and voluntarily, without undue influence, compulsion or duress, and without promise of leniency. Thereupon defendant's said pleas of guilty were accepted.

In the case identified by Criminal Docket No. 2183, judgment imposing a prison sentence of not less than five nor more than seven years was pronounced.

In the case identified by Criminal Docket No. 2184, judgment imposing a prison sentence of not less than five nor more than seven years was pronounced. It was provided that the sentences imposed

in No. 2183 and in No. 2184 "run concurrently and at the same time."

In the four cases identified by Criminal Docket No. 2211, Criminal Docket No. 2212, Criminal Docket No. 2213, and Criminal Docket No. 2125, prayer for judgment was continued "for a period of 5 years upon the condition defendant remains of good behavior, (and) not violate any of the laws of the State or anywhere else."

Defendant excepted to the foregoing judgments and appealed. Orders were entered enabling defendant, as an indigent, to perfect his appeal at the expense of Caldwell County.

*Attorney General Bruton and Assistant Attorney General Goodwyn for the State.*

*Paul L. Beck for defendant appellant.*

PER CURIAM. Defendant was arrested May 9, 1967, on six warrants issued by the District Court of Caldwell County. These warrants charged the felonies subsequently charged in the said indictments. After preliminary hearing on May 12, 1967, the district court found probable cause and ordered defendant to appear at said May 1967 Criminal Session of Caldwell Superior Court. Mr. Beck was appointed counsel on May 15, 1967. The pleas of guilty were tendered and accepted on May 16, 1967.

Although no exceptions were noted during the proceedings in the superior court, assignments of error entered on behalf of defendant by his court-appointed counsel in connection with the appeal are as follows: (1) The failure of the District Court of Caldwell County to appoint counsel for defendant at his preliminary hearing when defendant stood charged with six felony offenses; (2) the acceptance of defendant's pleas of guilty the day following the court's appointment of counsel to represent him; and (3) the acceptance of defendant's pleas of guilty without hearing evidence from any of the persons listed as witnesses against defendant.

Nothing in the record shows defendant was in any way prejudiced by the fact that he was not represented by counsel at his preliminary hearing. In the present factual situation, the preliminary hearing "was not such a 'critical stage' of the proceeding as to require the presence of counsel," and the failure to supply counsel for such preliminary hearing was not "a deprivation of any constitutional right of appellant." See *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740.

Nothing in the record indicates defendant or his counsel requested or desired a continuance of the case. On the contrary, the

record shows affirmatively that the pleas of guilty were entered freely, understandingly and voluntarily.

It does not appear affirmatively whether, after tender and acceptance of defendant's pleas of guilty, the court heard testimony of persons listed as State's witnesses. Proof of the charges in the *second* counts of the six bills of indictment was rendered unnecessary by defendant's pleas of guilty thereto. *State v. Caldwell,* 269 N.C. 521, 524, 153 S.E. 2d 34, 36; *State v. Dye,* 268 N.C. 362, 150 S.E. 2d 507; 21 Am. Jur. 2d, Criminal Law § 495; 22 C.J.S., Criminal Law § 424(4).

It is noteworthy that the active (concurrent) sentences imposed were within the permissible punishment provided in G.S. 14-120 based on defendant's plea of guilty in respect *of any one* of the six indictments.

No error having been shown, the judgments of the court below are affirmed.

Affirmed.