STATE OF NORTH CAROLINA v. JIMMY PERRY

No. 687SC466

(Filed 31 December 1968)

**1. Criminal Law § 113— instruction on weight and credibility of evidence**

Instructions of the trial court fully and adequately explained to the jury that the questions of whether there was evidence and its weight and credibility were for the jury to decide.

**2. Criminal Law § 103— admission and weight of evidence**

The question of the admissibility of evidence is for the judge; whether there is evidence and its weight and credibility are for the jury.

**3. Criminal Law § 161— review of exception to the judgment**

An exception to the judgment presents the face of the record proper for review.

**4. Criminal Law § 171— error relating to one or more charges in consolidated cases**

Where the sentence and judgment in eleven consolidated cases impose no additional burden on defendant in that the sentence is to run concurrently with a valid judgment and sentence imposed in another case, error in defendant's plea of guilty to two of the nine consolidated cases is not prejudicial and the judgment in the consolidated cases will be allowed to stand.

APPEAL by defendant from *Mintz, J.,* August 1968 Criminal Session of Superior Court of WILSON County.

Defendant was charged in ten separate bills of indictment with the two felonies of forgery and uttering a forged instrument. In two other bills of indictment, nos. 2363 and 2367, the defendant was charged with the felony of obtaining property by means of false pretense. These twelve bills of indictment are numbered consecutively beginning with no. 2356 through 2367, inclusive.

The solicitor elected to try the defendant on bill of indictment no. 2360 which charged the crime of forgery as the first count therein and for a second count, charged the uttering of a forged instrument. Upon the call of this case for trial, the solicitor announced that he would not seek a verdict on the first count of forgery but would seek a conviction for the crime of uttering a forged instrument knowing it to have been forged, as charged in the second count in the bill of indictment. Upon the plea of not guilty, trial was by jury and the verdict was guilty of uttering a forged instrument as charged.

Upon the coming in of a verdict of guilty of uttering a forged instrument, the record shows that "the defendant entered pleas of guilty

to uttering a forged instrument in each of the remaining cases numbered 2356 through 2367 with the State taking a nol pros as to the forgery charge in each count."

Judgment was entered in case no. 2360 sentencing the defendant to the State's prison for not less than five nor more than seven years. The other cases numbered 2356 through 2367 (with the exception of no. 2360) were consolidated, and judgment was entered sentencing the defendant to the State's prison for not less than five nor more than seven years, with the sentence in these consolidated cases to run concurrently with the sentence imposed in case no. 2360.

To the entry of the judgment in both case no. 2360 and consolidated cases nos. 2356 through 2367 (except no. 2360), the defendant excepted, assigned error, and appealed.

*Attorney General T. W. Bruton and Staff Attorney (Mrs.) Christine Y. Denson for the State.*

*Lucas, Rand, Rose, Meyer & Jones by Louis B. Meyer for defendant appellant.*

MALLARD, C.J.

The State on *voir dire* offered evidence which, in substance, tended to show that the defendant, after being warned as to his constitutional rights against self-incrimination, voluntarily and understandingly made a statement admitting to the officers that he took part in the crime charged. The statement made by the defendant was admitted in evidence in case no. 2360 after the court found as a fact that it was voluntarily made. The evidence for the State also tended to show that the check for $10.00 described in the bill of indictment in case no. 2360 was forged. The defendant, knowing the check was a forgery, took it to a place of business operated by Mrs. R. E. Deans and cashed it, receiving $4.70 in cash after telling Mrs. Deans he wanted to pay $5.30 on the account of Mrs. Rachel Perry. Mrs. Rachel Perry is the mother of the defendant.

[1]　Defendant contends that the trial judge did not explain the law arising on the evidence as required by G.S. 1-180. Defendant also contends that the court failed to instruct the jury that they should give the testimony as to defendant's admission such weight as it, the jury, found it was entitled to have after considering whether it was freely and voluntarily made.

[1, 2]　This contention is without merit. Upon reading the charge as a whole, we are of the opinion and so hold that the trial judge

fully and adequately explained to the jury, as required, that the questions of whether there was evidence and its weight and credibility were for the jury to decide. The question of the admissibility of evidence is for the judge. *State v. Vickers,* 274 N.C. 311, 163 S.E. 2d 481. Whether there is evidence and its weight and credibility are for the jury. *State v. Barber,* 268 N.C. 509, 151 S.E. 2d 51; *State v. Walker,* 266 N.C. 269, 145 S.E. 2d 833. Defendant's exception to the entry of the judgment in case no. 2360 is without merit, requires no discussion, and is overruled.

[3]    Defendant also excepts to the entry of the judgment in the eleven consolidated cases in which guilty pleas were entered. An exception to the judgment presents the face of the record proper for review. 1 Strong, N. C. Index 2d, Appeal and Error, § 26. In *State v. Newell,* 268 N.C. 300, 150 S.E. 2d 405, the Court said:

> "Defendant having pleaded guilty, his appeal presents for review only whether error appears on the face of the record proper."

In two of the cases consolidated for judgment (cases nos. 2363 and 2367), the defendant was charged in each case with the felony of obtaining property by means of false pretense, and the charges in these bills of indictment did not include the charge of uttering a forged instrument. The other nine cases did include such charge. On each of these nine cases the court could have imposed a sentence of imprisonment in the State's prison for more than the five to seven years imposed in the consolidated judgment. Unless there was a waiver of the finding and return of a bill of indictment, the defendant could not plead guilty in these two cases to crimes not included in the charge contained in the bill of indictment. No waiver appears. This question is not argued. It is not properly presented. However, counsel for the defendant in his brief requests the Court to examine the face of the record for prejudicial error. We have done so.

[4]    The conviction and sentence in case no. 2360 is without prejudicial error and must stand. The sentence and the judgment in the consolidated cases imposes no additional burden upon the defendant because the sentence imposed is to run concurrently with the sentence in case no. 2360. To permit the present judgment in the consolidated cases to stand would give the defendant his freedom when the valid sentence is served. To grant him a new trial in the two false pretense cases would permit as to them a further prosecution. Another trial on those charges might result in a consecutive sentence, and hence be prejudicial to the defendant. To remand the nine cases for resentencing in which there is a proper charge of uttering a forged instru-

ment and to which pleas of guilty were entered might result in a consecutive sentence or sentences, and hence be prejudicial to the defendant. *State v. Booker,* 250 N.C. 272, 108 S.E. 2d 426; *State v. Cephus,* 241 N.C. 562, 86 S.E. 2d 70. See also *State v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377.

In our opinion, there is no *prejudicial* error on the face of the record as to the consolidated cases, and there is no prejudicial error in the trial and sentencing of the defendant in case no. 2360.

No error.

CAMPBELL and MORRIS, JJ., concur.