STATE OF NORTH CAROLINA v. WILLIAM ELBERT SMITH

No. 7410SC904

(Filed 5 February 1975)

1. Constitutional Law § 32— indigent defendant — no right to choose counsel

An indigent defendant is not entitled to have the court appoint counsel of his own choosing.

2. Constitutional Law § 32— right to handle own case

The defendant in a criminal case has a right to handle his own case without interference by or assistance of counsel forced upon him by the court against his wishes.

3. Constitutional Law § 32— indigent defendant — refusal of appointed counsel — refusal to sign written waiver

When an indigent defendant has refused to accept court-appointed counsel unless he could choose the counsel to be appointed, and all of the provisions of G.S. 7A-457 have been otherwise fully complied with, refusal of defendant to sign a written waiver of counsel will not defeat a determination that defendant freely, voluntarily and understandingly waived representation by counsel, and the State may proceed with the trial of the indigent defendant without counsel.

4. Criminal Law § 116— necessity for charge on defendant's failure to testify

The trial court did not err in the failure to instruct the jury upon the effect of defendant's failure to testify absent a request for such instruction by defendant.

State v. Smith

5. **Criminal Law § 145.1— revocation of probation — denial of procedural rights — absence of prejudice**

Although defendant's rights were violated when the trial court revoked defendant's probation upon his conviction of six narcotics charges without a notice of hearing and a bill of particulars having been served on defendant and without an offer of court-appointed counsel having been made, defendant was not prejudiced thereby since the sentence placed in effect by the probation revocation will run concurrently with a longer sentence imposed in the narcotics cases.

APPEAL by defendant from *McLelland, Judge*, 8 July 1974 Session of Superior Court held in WAKE County. Heard in the Court of Appeals 14 January 1975.

Defendant was charged and convicted under six bills of indictment, proper in form, with the felonies of (1) sale of cocaine on 13 March 1974, (2) sale of marijuana on 13 March 1974, (3) sale of marijuana on 20 March 1974, (4) possession of cocaine on 13 March 1974 with intent to sell, (5) possession of marijuana on 13 March 1974 with intent to sell, and (6) possession of marijuana on 20 March 1974 with intent to sell.

The State's evidence tends to show that an undercover agent for the Raleigh Police Department saw defendant in possession of cocaine and marijuana on 13 March 1974 and at that time purchased cocaine and marijuana from defendant. The same undercover agent saw defendant in possession of marijuana on 20 March 1974 and at that time purchased marijuana from defendant. Defendant offered no evidence.

*Attorney General Edmisten, by Associate Attorney Bunting, for the State.*

*Richard O. Gamble, for the defendant.*

BROCK, Chief Judge.

The trial of defendant was conducted without defendant being represented by counsel. Defendant assigns this as error and argues that it entitles him to a new trial.

Defendant was arrested on 14 May 1974. On 16 May 1974 counsel was appointed to represent defendant. On 23 May 1974 appointed counsel was permitted to withdraw because of new employment which prohibited his general practice of law. Defendant was brought before Judge McLelland at the 3 June 1974 Session for the appointment of counsel. Defendant stated that

he did not want appointed counsel and if he had not employed counsel at the time of trial, he would defend himself. During the second week of the 8 July 1974 Session, on 16 July 1974, defendant appeared again before Judge McLelland without counsel. The charges against defendant were duly calendared for trial, and the cases were called for trial by the assistant district attorney.

Before arraignment the trial judge explained fully to defendant his right to court-appointed counsel and inquired whether defendant wanted the court to appoint counsel to represent him. Judge McLelland offered to appoint counsel and continue the trial to a later date. The substance of defendant's replies to the court's questions and offers was that if his bond had been less, he could have gotten out of jail and employed counsel; that he did not want the court to appoint counsel unless defendant could choose counsel to be appointed. In spite of defendant's intractable refusal to accept court-appointed counsel, Judge McLelland patiently and tediously explained and reexplained defendant's right to have counsel appointed, the consequence of his refusal, and the possible punishment if convicted of the charges against him. The judge further clearly explained that defendant was not entitled to have the court appoint counsel of his own choosing but that counsel would be appointed from the list filed with the court for that purpose. After numerous clear and unequivocal refusals by defendant to be represented by court-appointed counsel, if not of his own choice, Judge McLelland asked defendant to sign a waiver of counsel. Defendant steadfastly refused to sign a waiver. Based upon these preliminary proceedings, Judge McLelland found that defendant had "freely, understandingly and voluntarily" waived appointment of counsel, and directed that the trial proceed. Defendant displayed the same attitude throughout the trial: he refused to plead to the charges, and pleas of not guilty were entered for him by the court; he refused to answer the judge's inquiry of whether defendant wished to question the jurors; he refused to answer the judge's inquiry of whether defendant wished to question the State's witnesses; he refused to answer the judge's inquiry of whether defendant wished to offer any evidence. Finally, in response to the judge's inquiry, defendant did state that he did not wish to argue the case to the jury. In the light of this the district attorney did not present argument.

**[1, 2]** Clearly, and for cogent reasons, an indigent defendant is not entitled to have the court appoint counsel of his own choosing. *State v. Frazier,* 280 N.C. 181, 185 S.E. 2d 652. The defendant in a criminal proceeding has a right to handle his own case without interference by, or assistance of, counsel forced upon him by the court against his wishes. *State v. Mems,* 281 N.C. 658, 190 S.E. 2d 164.

Defendant argues, however, that regardless of his refusal of appointed counsel, he did not sign a waiver of his right, and therefore the trial could not proceed. G.S. 7A-457(a) provides that an indigent may, in writing, waive his right to in-court representation by counsel. Defendant argues that failure to obtain his waiver in writing violated the statute and entitles him to a new trial.

**[3]** In this case the trial judge did everything required by the statute and more. There was no way the trial judge or anyone else could compel defendant to sign the waiver. To accept defendant's argument would be to give an indigent the right to block every effort to place him on trial by the simple refusal of the indigent to accept appointed counsel, coupled with his simple refusal to sign his name to a waiver of counsel. Clearly it was not the legislative intent to create such an impasse as that. It is equally clear that the two words of G.S. 7A-457(a), "in writing," are directory only and not mandatory. When all of the provisions of G.S. 7A-457 have been otherwise fully complied with, as in this case, and the indigent defendant has refused to accept court-appointed counsel, his refusal to sign a waiver of counsel will not defeat a determination that such defendant freely, voluntarily, and understandingly waived in-court representation by counsel. In such case the State may proceed with the trial of the indigent defendant without counsel.

**[4]** Defendant assigns as error the failure of the trial court to instruct the jury upon the effect of defendant's failure to testify. This assignment of error has no merit. Such an instruction is not required unless specifically requested by defendant, *State v. Rankin,* 282 N.C. 572, 193 S.E. 2d 740, and it is a better practice to give no instruction concerning defendant's failure to testify unless such an instruction is requested by the defendant. *State v. Powell,* 11 N.C. App. 465, 181 S.E. 2d 754.

**[5]** After defendant was convicted of the six charges in this case, the trial judge entered judgments of confinement on two

of the charges providing for a ten-year sentence and a two-year sentence to run consecutively. Sentences imposed in the other four cases run concurrently with the first ten-year sentence. At the time of these convictions, defendant was on probation under a sentence of not less than seven nor more than ten years. The trial judge advised defendant that his convictions on these six charges constituted a showing of violation of the conditions of his probation; that if the probation were revoked, the seven to ten year sentence would run concurrently with the total of twelve years now imposed, and asked defendant if he objected to immediate revocation. Defendant stated that he had no objection. No notice of hearing was served on defendant. No bill of particulars was served on defendant. No offer of court-appointed counsel was made. Defendant argues that it was error to revoke probation under these circumstances.

We agree that defendant's procedural rights were not fully safeguarded in the revocation of his probation; however, we fail to see prejudice to defendant in the event his convictions and sentences on the present six charges are upheld. In such a situation the service of the sentence, theretofore suspended, concurrently with the sentences presently imposed constitutes an advantage to defendant. He clears all of his obligations at one time without additional burden. *See State v. Riddler,* 244 N.C. 78, 92 S.E. 2d 435; 3 Strong, N. C. Index 2d, Criminal Law, § 171.

In the trial and the revocation of probation, we find no prejudicial error.

No error.

Judges PARKER and HEDRICK concur.