STATE OF NORTH CAROLINA v. JAMES EARL EVANS

No. 32

(Filed 3 October 1979)

1. **Criminal Law § 99.9— court's questioning of witnesses—no expression of opinion**

   The trial court did not express an opinion in a prosecution for burglary, assault with intent to rape and larceny when he questioned two witnesses as

to the accuracy of fingerprint impressions taken from the crime scene and from defendant's hands.

**2. Burglary and Unlawful Breakings § 5; Assault and Battery § 14.8; Larceny § 7 — first degree burglary — assault on female — larceny of money**

In a prosecution for burglary, assault with intent to rape and larceny, evidence was sufficient to be submitted to the jury where it tended to show that defendant entered the victim's house during the night, held a knife to her throat, felt her breasts and pubic area, left his fingerprints on the kitchen windowsill, and took money from a wallet in the house.

**3. Assault and Battery § 14.8 — assault on    female — defendant's age — jury's estimate**

In a prosecution for assault with intent to commit rape, the jury could find defendant guilty of the offense of assault on a female, though there was no evidence that defendant was over 18, since the jury had ample opportunity to look at defendant and could estimate his age.

Justice BROCK took no part in the consideration or decision of this case.

APPEAL by defendant from judgments of *Rouse, J.,* entered at the 4 December 1978 Criminal Session of PITT Superior Court.

Upon pleas of not guilty, defendant was tried on bills of indictment charging him with (1) first-degree burglary, (2) assault on a female with intent to commit rape, and (3) felonious larceny. Evidence presented by the state is summarized in pertinent part as follows:

On the night of 4-5 July 1978, Vickie Galloway and Sandra Atkinson were the sole occupants of a dwelling house located at 1110 Forbes Street in the City of Greenville, N. C. Ms. Galloway went to bed around midnight. At 5:00 or 5:30 the next morning she awoke and found a man crouching beside her bed. She sat up and screamed after which the intruder pushed her back down on the bed, put a butcher knife to her throat and told her not to scream.

The intruder then told Ms. Galloway that he was not going to hurt her, that he just wanted "to feel of her". While he held the knife to her throat with one hand, he felt of her breasts and pubic area with the other.

Although it was still nighttime, the light from nearby streetlights enabled Ms. Galloway to get a clear view of her assailant and she positively identified defendant as that person. After staying in Ms. Galloway's room approximately ten minutes, defendant left the house by way of the back door.

After defendant left the house, Ms. Galloway awakened Ms. Atkinson and they called police. A check of the house disclosed that a screen which was intact when the women went to bed had been removed from a kitchen window. Defendant had not been given permission to enter the house.

Ms. Atkinson went to bed around 2:00 a.m. Before doing so she left her wallet and car keys on a table in the kitchen. After Ms. Galloway called her at around 5:15 a.m., she went to the kitchen and found that $3.00 was missing from her wallet.

Defendant offered no evidence.

The jury returned verdicts finding defendant guilty of first-degree burglary, guilty of assault on a female and not guilty of larceny. On the burglary charge, the court entered judgment imposing a life sentence. On the assault charge, the court imposed a prison sentence of two years.

Defendant appealed from both judgments and we allowed the motion to bypass the Court of Appeals on the assault charge.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for the State.*

*Dallas Clark, Jr., for defendant-appellant.*

BRITT, Justice.

[1] By his first assignment of error defendant contends the trial court expressed an opinion on the evidence in violation of G.S. 15A-1232 (formerly G.S. 1-180). There is no merit in this assignment.

This contention relates to the testimony given by S.B.I. Agent Glenn Bozarth and Identification Officer Pat Bundy, Jr., of the Greenville Police Department. Mr. Bozarth testified that state's exhibits 9 and 10 were cards bearing latent fingerprints which he lifted from impressions on the windowsill of the kitchen in question; and that exhibits 11 and 12 were cards bearing latent fingerprints which he lifted from a bottle of perfume in said kitchen. Thereafter the trial judge asked the witness if exhibits 9, 10, 11 and 12 were true and accurate representations of the print impressions "as you observed them and found them in the top in-

side of the kitchen windowsill and [on] the bottle of Chantilly perfume". The witness gave an affirmative answer to the question.

Mr. Bundy testified that state's exhibit 4 had on it the inked impressions of the fingers and palms of defendant which he (Mr. Bundy) had taken. Thereafter, the court asked the witness if "the fingerprint and palm print impressions which appear on State's #4 truly and accurately portray the fingerprint and palm print impressions of the defendant in this case." The witness answered in the affirmative.

"It is elementary that it is error for the trial judge to express or imply, in the presence of the jury, any opinion as to the guilt or innocence of the defendant, or as to any other fact to be determined by the jury, or as to the credibility of any witness. It is immaterial how such opinion is expressed or implied, whether in the charge of the court, in the examination of a witness, in the rulings upon objections to evidence or in any other manner. . . . (Citations.)" *State v. Freeman*, 280 N.C. 622, 626-27, 187 S.E. 2d 59 (1972). However, it is also clear that the trial judge may direct questions to a witness for the purpose of clarifying his testimony and promoting a better understanding of it. *State v. Freeman, supra; State v. Colson*, 274 N.C. 295, 163 S.E. 2d 376 (1968), *cert. denied*, 393 U.S. 1087 (1969).

While it would have been more appropriate for the district attorney to have asked the questions complained of here, we hold that the trial judge did not err in asking them under the circumstances of this case. The questions were appropriate to clarify the testimony of the witnesses and to promote a better understanding of the testimony.

In the other two assignments of error argued in his brief, defendant contends that the trial court erred (1) in denying his motions for nonsuit and (2) in submitting assault on a female as an alternative verdict in the assault case. These contentions have no merit.

[2]  Burglary in the first degree is the breaking and entering during the nighttime of an occupied dwelling or sleeping apartment with intent to commit a felony therein. *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974); G.S. 14-51. The evidence presented in this case and reviewed above was sufficient to prove every element of the offense of burglary in the first degree.

State v. Evans

[3] With respect to the assault charge, defendant argues that while the jury in effect found him not guilty of assault with intent to commit rape, it found him guilty of assault on a female; that one of the elements of assault on a female is that the offender be a male person more than 18 years of age; and that there was no evidence that he was over the age of 18.

A charge of assault with intent to commit rape includes the lesser offense of assault on a female. *State v. Gammons*, 260 N.C. 753, 133 S.E. 2d 649 (1963); *State v. Beam*, 255 N.C. 347, 121 S.E. 2d 558 (1961). While it is true that one of the elements of assault on a female is that the defendant be more than 18 years old, the jury may look upon a person and estimate his age. *State v. McNair*, 93 N.C. 628 (1885); 1 Stansbury's N.C. Evidence (Brandis Rev.) § 119. The jury had ample opportunity to view the defendant in this case and estimate his age.

Furthermore, any error that might have been committed by the trial court relative to the assault charge was harmless. The judgments did not provide that either of the sentences imposed would begin at the expiration of the sentence in the other; therefore, the sentences will run concurrently. 4 Strong's N.C. Index 3d, Criminal Law § 140.1. It is well settled that where concurrent sentences are imposed on counts of equal gravity, or concurrent sentences of equal length are imposed, any error in the charge relating to one count only is harmless. *Id.* § 171.2. Clearly, this principle would apply to the case at hand where the two-year sentence imposed for assault will run concurrently with the life sentence imposed for first-degree burglary.

Defendant received a fair trial free from prejudicial error.

No error.

Justice BROCK took no part in the consideration or decision of this case.