STATE OF NORTH CAROLINA v. KENNETH BOYD GILLEY

No. 15A82

(Filed 2 June 1982)

**1. Rape and Allied Offenses § 4.3— first degree sexual offense—sexual behavior of victim—testimony properly excluded**

In a prosecution for a first degree sexual offense and other crimes, the trial court properly instructed the jury to give no consideration to the following question asked of the victim: "Isn't it true, Mr. Simpson, that you are a homosexual?" The question did not come within the exceptions listed in G.S. 8-58.6(d) and the defendant did not follow the procedure outlined in G.S. 8-58.6(c).

**2. Homicide § 21.1— attempted murder—sufficiency of the evidence**

The evidence was sufficient to overcome defendant's motion to dismiss the charge of attempted murder where the evidence tended to show that defendant committed a first degree sexual offense, had the victim remove his clothes, ordered the victim to get into the trunk of an automobile, and pushed the automobile over a cliff of a rock quarry.

APPEAL by defendant from *McLelland, Judge,* 12 January 1981 Criminal Session, ALAMANCE Superior Court.

Upon pleas of not guilty, defendant was tried on bills of indictment charging him with (1) first-degree sexual offense, fellatio, (2) armed robbery, (3) kidnapping, and (4) attempted murder. Joseph Simpson was the alleged victim of the offenses which allegedly occurred on the night of 20-21 September 1980.

Evidence presented by the state tended to show:

On the night in question, Simpson, 53, was working at a convenience store in Alamance County. Defendant, 21, with whom

Simpson was acquainted, came into the store and purchased some beer. After a brief conversation, Simpson agreed to meet defendant on the grounds of Western Alamance High School. After Simpson got off work and deposited some funds for the store in a bank, he drove his new Chevrolet automobile to the agreed meeting place. He found defendant there and he got into Simpson's automobile.

They then drove for several miles, left the main highway and drove onto a dirt road. Very soon after getting on the dirt road, Simpson stopped the automobile but did not turn the motor off. Defendant very quickly pulled his pants down, held a knife on Simpson and ordered him to "get on with it." Because of the knife, Simpson performed fellatio on defendant. With threats of using the knife, defendant ordered Simpson to get out of the automobile. After both men got out of the car, defendant ordered Simpson to remove his clothing. When Simpson refused, defendant began tearing his clothes off and cut him on his finger. Defendant then took Simpson's rings and his pocketbook which contained approximately $141.00.

Thereafter defendant ordered Simpson to get into the trunk of the automobile. When Simpson hesitated, defendant pushed him into the trunk and closed the lid. Defendant proceeded to drive Simpson's automobile for several miles to an old rock quarry. Upon arriving at the quarry, defendant got out of the automobile and pushed it over the cliff of the quarry. The automobile went down the rocky edge of the quarry and landed some 60 feet below.

After struggling for some four or five hours Simpson managed to pry the lid of the trunk open and get out. He then wrapped himself with a blanket which he had in the trunk of the car, walked to a service station and called police officers.

Defendant's evidence tended to show that after 10:00 o'clock on the night in question he and his girlfriend, with whom he lived, stopped by the convenience store where Simpson worked; that defendant went in and Simpson asked him "what are you doing later on tonight?"; that defendant knew what Simpson meant and did not like it; that defendant paid for some beer which he had purchased, left and went home; and that he and his girlfriend did not leave the home again that night. Defendant testified that he

State v. Gilley

had been convicted twice of driving an automobile while under the influence of intoxicants, and of illegal passing, but that he had never been convicted of a felony.

The jury found defendant guilty as charged. The court entered judgments imposing a 10-year prison sentence in the attempted murder case and life sentences in the other three cases, all sentences to run concurrently.

Defendant appealed to this court as a matter of right from the judgments imposing life sentences. On 8 February 1982 we allowed his motion to bypass the Court of Appeals in the attempted murder case.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the state.*

*Lamont M. Walton for defendant-appellant.*

BRITT, Justice.

[1] By the first assignment of error argued in his brief, defendant contends that the trial court erred in excluding certain testimony which defendant attempted to extract from Simpson, the alleged victim, on cross examination. This assignment has no merit.

The record reveals the following:

Q. Isn't it true, Mr. Simpson, that you are a homosexual?

MR. XANTHOS: Objection.

A. That is no.

COURT: Just a minute.

The jury will retire while the Court hears a matter concerning the law which must be heard out of your presence. Don't talk about the case while you're out.

(At this time the jury went to the jury room.)

Following a conference with and arguments by counsel in the absence of the jury, the court sustained the state's objection to the question and instructed counsel not to ask the question again. When the jury returned to the courtroom, the court instructed

them to give no consideration to the question asked and to disregard it.

While the record does not disclose why the trial judge sustained the objection to the question, defendant argues that he did it because of G.S. 8-58.6 which provides as follows:

*Restrictions on evidence in rape or sex offenses cases.* —

(a) As used in this section, the term "sexual behavior" means sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial.

(b) The sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:

(1) Was between the complaint (sic) and the defendant; or

(2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant; or

(3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; or

(4) Is evidence of sexual behavior offered as the basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the act or acts charged.

(c) No evidence of sexual behavior shall be introduced at any time during the trial of a charge of rape or any lesser included offense thereof or a sex offense or any lesser included offense thereof, nor shall any reference to any such behavior be made in the presence of the jury, unless and until the court has determined that such behavior is relevant under subsection (b). Before any questions pertaining to such evidence are asked of any witness, the proponent of such evidence shall first apply to the court for a determination of

the relevance of the sexual behavior to which it relates. The proponent of such evidence may make application either prior to trial pursuant to G.S. 15A-952, or during the trial at the time when the proponent desired to introduce such evidence. When application is made, the court shall conduct an in-camera hearing, which shall be transcribed, to consider the proponent's offer of proof and the arguments of counsel, including any counsel for the complainant, to determine the extent to which such behavior is relevant. In the hearing, the proponent of the evidence shall establish the basis of admissibility of such evidence. If the court finds that the evidence is relevant, it shall enter an order stating that the evidence may be admitted and the nature of the questions which will be permitted.

(d) The record of the in-camera hearing and all evidence relating thereto shall be open to inspection only by the parties, the complainant, their attorneys and the court and its agents, and shall be used only as necessary for appellate review. At any probable cause hearing, the judge shall take cognizance of the evidence, if admissible, at the end of the in-camera hearing without the questions being repeated or the evidence being resubmitted in open court.

Defendant argues that he was entitled to ask Simpson if he was a homosexual and to pursue a line of questioning intended to show that on the night in question the victim made sexual advances to defendant and "became noticeably angry" towards defendant when they were rejected. He argues that the question asked and the questions he proposed to ask come within the exception provided by § (b)(2) quoted above.

Clearly the specific question asked is not permissible by virtue of § (b)(2) as it did not relate to *specific* "instances of sexual behavior." Furthermore, the record discloses that Simpson's answer to the question would have been "no", therefore, defendant has failed to show prejudice. *See* 4 Strong's N.C. Index 3d, Criminal Law, § 167.

With respect to the "line of questioning" which defendant intended to pursue, the record fails to disclose what other questions defendant proposed to ask or even a statement summarizing them. Furthermore, it is clear that defendant did not follow the

procedure outlined in § (c) quoted above. In addition, defendant was allowed to testify that Simpson got mad when defendant refused his implied solicitation. We perceive no prejudicial error.

Also under this assignment defendant argues that the trial court did not conduct an in-camera hearing as provided by § (c) quoted above. It suffices to say that defendant did not apply to the court for "a determination of the relevance of the sexual behavior" to which his evidence would relate.

The assignment of error is overruled.

[2] Defendant assigns as error the failure of the trial court to grant his motion to dismiss the charge of attempted murder, contending that the evidence on that charge was not sufficient to submit it to the jury. There is no merit in this assignment.

Clearly the evidence summarized above was sufficient to raise a reasonable inference as to each element of the offense of attempted murder. Furthermore, since the four sentences imposed on defendant are to run concurrently, and the sentence for attempted murder is for a shorter period of time than the other sentences, any error with respect to the attempted murder charge would be unavailing to defendant unless he shows error in the other charges. *State v. Hicks,* 233 N.C. 511, 64 S.E. 2d 871 (1951), *cert. denied,* 342 U.S. 831, 96 L.Ed. 629. *See also State v. Miller,* 271 N.C. 611, 157 S.E. 2d 211 (1967) and *State v. Thomas,* 244 N.C. 212, 93 S.E. 2d 63 (1956).

The assignment of error is overruled.

By the third assignment of error argued in his brief, defendant contends that the trial court abused its discretion in denying his motion for appropriate relief. We find no merit in this assignment.

After the verdicts were returned, defendant made, and the court denied, the following motion:

At this time I would like to make a motion for appropriate relief and request a new trial based on the fact that the verdict is against the weight of the evidence and the defendant's due process under the State of North Carolina Constitution and the United States Constitution has been

violated by the fact that certain evidence was excluded as per North Carolina Statute.

In his brief defendant argues that his motion should have been granted because the court committed numerous errors, particularly that it permitted improper leading of witnesses, improperly barred certain evidence, and improperly admitted other evidence. We will consider only the two issues stated in the motion made in the trial court.

A motion to set aside the verdict for the reason that it is against the greater weight of the evidence is addressed to the discretion of the trial court and its ruling will not be disturbed absent a showing of abuse of discretion. *See* 4 Strong's N.C. Index 3d, Criminal Law, § 175.3. We find no abuse of discretion in this case.

As to defendant's claim in his motion that he had been denied due process "by the fact that certain evidence was excluded as per North Carolina Statute", clearly he was referring to the exclusion of evidence pursuant to G.S. 8-58.6 discussed above. Since we have addressed that contention, we decline to discuss it further.

The assignment of error is overruled.

In his final assignment of error, defendant contends that the trial court committed reversible error in failing to instruct the jury on the lesser offenses of attempted murder. We find no merit in this assignment.

Even if we should agree that defendant was entitled to instructions on the lesser offenses of attempted murder, defendant would not be entitled to a new trial on this charge. This is so for the reason discussed in the second assignment above, that since the four sentences imposed on defendant are to run concurrently, and the sentence for attempted murder is for a shorter period of time than the other sentences, any error with respect to the attempted murder charge would be unavailing to defendant absent a showing of error in the other charges. *State v. Hicks, supra; State v. Miller, supra.*

This assignment of error is overruled.

We conclude that defendant received a fair trial, free from prejudicial error.

No error.