IN THE MATTER OF: OLLIE RAYNOR

No. 836DC11

(Filed 4 October 1983)

**Infants § 18; Larceny § 7.1— larceny by juvenile—insufficient evidence**
    The State's evidence failed to show that a juvenile defendant intended permanently to deprive an owner of his watch so as to support the court's finding that defendant committed misdemeanor larceny and was thus a delinquent child where it tended to show that, while defendant was doing community service at a fire department, he put the watch on his own wrist, that when the owner told him to "pull it off" defendant handed the watch to the fire chief, and that the last time the witnesses saw the watch it was in the possession of the fire chief.

APPEAL by defendant from *Williford, Judge.* Judgment entered 20 October 1982 in District Court, HERTFORD County. Heard in the Court of Appeals 23 September 1983.

This is a criminal action in which the 15-year-old juvenile defendant, Ollie Raynor, was tried before the district court on a charge of misdemeanor larceny. The trial court found as a fact that defendant is a delinquent child as defined in G.S. 7A-517(12), in that on or about 14 July 1982 defendant "did unlawfully and willfully steal, take and carry away a watch, the personal property of Marvin Smith having the value of $32.00." The trial court entered a verdict that defendant is a delinquent child, and ordered the defendant to be committed to the Department of Human Services, Youth Service Division. From entry of that order, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Jane P. Gray, for the State.*

*Thomas L. Jones, Jr., for defendant appellant.*

JOHNSON, Judge.

The sole question presented by this appeal is whether the trial court erred by denying defendant's motion to dismiss at the close of the State's evidence and at the close of all the evidence.

It is incumbent upon the State to prove the existence of each and every element of the offense with which defendant is charged. In passing on a motion to dismiss, it is the court's duty to ascertain if there is substantial evidence of each essential element of the offense charged. *State v. Hutchins*, 303 N.C. 321, 279 S.E. 2d 788 (1981). The offense of larceny is defined as the taking and carrying away from any place at any time the personal property of another without the consent of the owner and with the felonious intent to deprive the owner of his property permanently and to convert it to the use of the taker or to some person other than the owner. *State v. Booker*, 250 N.C. 272, 108 S.E. 2d 426 (1959). Felonious intent is an essential element of the crime of larceny, and if the defendant takes the property of another for his own immediate and temporary use without the intent to permanently deprive the owner of his property, then he is not guilty of larceny. *State v. McCrary*, 263 N.C. 490, 139 S.E. 2d 739 (1965). It is beyond argument that this is a case of defendant's taking the watch for his temporary and immediate use and, in a rare display of candor, the State so concedes.

The State's evidence tended to show that the defendant was doing community service for the fire department of Ahoskie on 14 July 1982. While waiting for the Fire Chief to instruct him as to what work he was to perform, defendant picked up a watch belonging to the prosecuting witness, Marvin Smith. Smith testified that the defendant put the watch on his own wrist and that Smith told the defendant to "pull it off." Smith testified that the defendant took the watch off his wrist and eventually gave it to the Fire Chief, and further, that the last time he saw the watch, it was in the possession of the Fire Chief. On cross-examination, Smith testified as follows:

Q. So the last thing you knew about the watch was when Mr. Raynor gave the watch back to the Fire Chief and so far as you knew the Fire Chief had possession of that watch, is that correct?

A. Yes sir cause I went in there and told the Chief the first time so the Chief got the watch back and put it under the glass.

Q. And that was after you had seen it on his wrist, right?

A. Yes sir.

Smith was not sure if anyone else had come into the room after that, but he did not see anybody pick up the watch again. The State did not call the Fire Chief as a witness.

The defendant testified on his own behalf. Defendant's evidence tended to show that after the defendant took the watch off his wrist, he gave the watch to the prosecuting witness, Marvin Smith. The defendant then stated that all he was doing was playing with the watch. Defendant testified further that the Fire Chief had possession of the watch after he had given the watch to Mr. Smith. The defendant then testified that the last time he saw the watch it was in the possession of the Fire Chief, and furthermore, that he did not take the watch.

Upon the foregoing evidence, it is clear that the State failed to prove beyond a reasonable doubt that the defendant had the intent to permanently deprive the owner of his property when he put the watch on his wrist. The only evidence presented by the State is uncontradicted and it shows that the defendant had at one time placed Mr. Smith's watch on his arm, and then took it off and gave it to the Fire Chief. Based on the testimony of Mr. Smith and the testimony of the defendant that he was merely playing with Mr. Smith's watch while he was waiting, the evidence shows that defendant did not intend to permanently deprive Mr. Smith of his watch. Both witnesses testified that the last time they saw the watch it was in the possession of the Fire Chief. No further evidence was presented as to the whereabouts of the watch after the Fire Chief took possession of it. Thus, there was *no* evidence whatsoever to show that the defendant intended to permanently deprive Mr. Smith of his watch when he put it on his arm. Consequently, the court erred by failing to

dismiss the charges and entering a verdict of guilty. The judgment entered upon the verdict is, therefore,

Reversed.

Judges BECTON and BRASWELL concur.