State v. Barnes

STATE OF NORTH CAROLINA v. IRVIN BARNES

No. 574PA88

(Filed 8 June 1989)

1. Criminal Law § 72; Rape and Allied Offenses § 5— statutory rape—age of defendant—observation by jury—burden of proof—constitutional issue not presented

No constitutional issue as to burden of proof was presented concerning the practice of permitting jurors in a statutory rape case to determine defendant's age based on their observations of the defendant where the State presented adequate circumstantial evidence from which the jury could determine defendant's age.

2. Criminal Law § 171.2— concurrent sentences—error in charge relating to one count—statements in prior cases disavowed

Statements in prior decisions of the Supreme Court and the Court of Appeals that "where concurrent sentences of equal length are imposed, any error in the charge relating to one count only is harmless" are disavowed because of the Supreme Court's concern that separate *convictions* in such cases may give rise to adverse collateral consequences, and those prior decisions are overruled to that extent only.

ON writ of certiorari to review a unanimous decision of the Court of Appeals reported at 91 N.C. App. 484, 372 S.E. 2d 352 (1988), finding no error in defendant's trial and conviction of one count of first-degree burglary, one count of statutory rape, one count of robbery with a dangerous weapon, and two counts of assault with a deadly weapon inflicting serious injury, upon which judgment was entered by *Stevens (Henry L., III), J.*, at the 11 September 1987 Session of Superior Court, WILSON County. Heard in the Supreme Court 9 May 1989.

*Lacy H. Thornburg, Attorney General, by Isham B. Hudson, Jr., Senior Deputy Attorney General,* for the State.

*W. Earl Taylor, Jr.,* for defendant-appellant.

PER CURIAM.

[1] With regard to the statutory rape conviction, defendant points out that one of the elements of statutory rape is that the defendant must be at least twelve years old and at least four years older than the victim. N.C.G.S. § 14-27.2(a)(1) (1986). Since the State has the burden of proving all elements of the crime,

*State v. Mize*, 315 N.C. 285, 337 S.E. 2d 562 (1985), defendant questions the constitutionality of decisions from this Court permitting jurors to determine a defendant's age based on their observations of the defendant. *State v. Evans*, 298 N.C. 263, 258 S.E. 2d 354 (1979); *State v. Gray*, 292 N.C. 270, 233 S.E. 2d 905 (1977); *State v. McNair*, 93 N.C. 628 (1885). We conclude that no constitutional issue is presented inasmuch as there is no shifting the burden of proof on the age element to defendant, as defendant argues, because the State presented adequate circumstantial evidence from which the jury could determine defendant's age.

[2]   In declining to address defendant's constitutional argument, the Court of Appeals relied on *State v. Evans*, 298 N.C. 263, 267, 258 S.E. 2d 354, 357, wherein this Court stated:

> It is well settled that where concurrent sentences of equal length are imposed, any error in the charge relating to one count only is harmless.

Because of our concern that separate *convictions* in such circumstances may give rise to adverse collateral consequences, *Ball v. United States*, 470 U.S. 856, 84 L.Ed. 2d 740 (1985); *State v. Etheridge*, 319 N.C. 34, 352 S.E. 2d 673 (1987), we expressly disavow the language from *Evans* quoted above, and to that extent only, the case is hereby overruled. We likewise expressly disavow language of similar import in all other cases from this Court and the Court of Appeals, and to that extent only, those cases are overruled, including *State v. Gilley*, 306 N.C. 125, 291 S.E. 2d 645 (1982); *State v. Summrell*, 282 N.C. 157, 192 S.E. 2d 569 (1972); *State v. Miller*, 271 N.C. 611, 157 S.E. 2d 211 (1967); *State v. Hollingsworth*, 263 N.C. 158, 139 S.E. 2d 235 (1964); *State v. Vines*, 262 N.C. 747, 138 S.E. 2d 630 (1964); *State v. Walker*, 251 N.C. 465, 112 S.E. 2d 61, *cert. denied*, 364 U.S. 832, ·5 L.Ed. 2d 58 (1960); *State v. Booker*, 250 N.C. 272, 108 S.E. 2d 426 (1959); *State v. Troutman*, 249 N.C. 398, 106 S.E. 2d 572 (1959); *State v. Riddler*, 244 N.C. 78, 92 S.E. 2d 435 (1956); *State v. Thomas*, 244 N.C. 212, 93 S.E. 2d 63 (1956); *State v. Cephus*, 241 N.C. 562, 86 S.E. 2d 70 (1955); *State v. Bovender*, 233 N.C. 683, 65 S.E. 2d 323 (1951); *State v. Agudelo*, 89 N.C. App. 640, 366 S.E. 2d 921, *appeal dismissed, disc. rev. denied*, 323 N.C. 176, 373 S.E. 2d 115 (1988); *State v. Barnes*, 91 N.C. App. 484, 372 S.E. 2d 352 (1988); *State v. Smith*, 24 N.C. App. 498, 211 S.E. 2d 539 (1975); *State v. Black-*

*shear,* 10 N.C. App. 237, 178 S.E. 2d 105 (1970); *State v. Garnett,* 4 N.C. App. 367, 167 S.E. 2d 63 (1969); *State v. Perry,* 3 N.C. App. 356, 164 S.E. 2d 629 (1968).

Except as herein modified, the decision of the Court of Appeals is affirmed.

Modified and affirmed.