380 S.E.2d 118 (1989)
324 N.C. 118
STATE of North Carolina
v.
Irvin BARNES.
No. 574PA88.
Supreme Court of North Carolina.
June 8, 1989.
*119 Lacy H. Thornburg, Atty. Gen., by Isham B. Hudson, Jr., Sr. Deputy Atty. Gen., Raleigh, for State.
W. Earl Taylor, Jr., Wilson, for defendant-appellant.
PER CURIAM.
With regard to the statutory rape conviction, defendant points out that one of the elements of statutory rape is that the defendant must be at least twelve years old and at least four years older than the victim. N.C.G.S. § 14-27.2(a)(1) (1986). Since the State has the burden of proving all elements of the crime, State v. Mize, 315 N.C. 285, 337 S.E.2d 562 (1985), defendant questions the constitutionality of decisions from this Court permitting jurors to determine a defendant's age based on their observations of the defendant. State v. Evans, 298 N.C. 263, 258 S.E.2d 354 (1979); State v. Gray, 292 N.C. 270, 233 S.E.2d 905 (1977); State v. McNair, 93 N.C. 628 (1885). We conclude that no constitutional issue is presented inasmuch as there is no shifting the burden of proof on the age element to defendant, as defendant argues, because the State presented adequate circumstantial evidence from which the jury could determine defendant's age.
In declining to address defendant's constitutional argument, the Court of Appeals relied on State v. Evans, 298 N.C. 263, 267, 258 S.E.2d 354, 357, wherein this Court stated:
It is well settled that where concurrent sentences of equal length are imposed, any error in the charge relating to one count only is harmless.
Because of our concern that separate convictions in such circumstances may give rise to adverse collateral consequences, Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); State v. Etheridge, 319 N.C. 34, 352 S.E.2d 673 (1987), we expressly disavow the language from Evans quoted above, and to that extent only, the case is hereby overruled. We likewise expressly disavow language of similar import in all other cases from this Court and the Court of Appeals, and to that extent only, those cases are overruled, including State v. Gilley, 306 N.C. 125, 291 S.E.2d 645 (1982); State v. Summrell, 282 N.C. 157, 192 S.E.2d 569 (1972); State v. Miller, 271 N.C. 611, 157 S.E.2d 211 (1967); State v. Hollingsworth, 263 N.C. 158, 139 S.E.2d 235 (1964); State v. Vines, 262 N.C. 747, 138 S.E.2d 630 (1964); State v. Walker, 251 N.C. 465, 112 S.E.2d 61, cert. denied, 364 U.S. 832, 81 S.Ct. 45, 5 L.Ed.2d 58 (1960); State v. Booker, 250 N.C. 272, 108 S.E.2d 426 (1959); State v. Troutman, 249 N.C. 398, 106 S.E.2d 572 (1959); State v. Riddler, 244 N.C. 78, 92 S.E.2d 435 (1956); State v. Thomas, 244 N.C. 212, 93 S.E.2d 63 (1956); *120 State v. Cephus, 241 N.C. 562, 86 S.E.2d 70 (1955); State v. Bovender, 233 N.C. 683, 65 S.E.2d 323 (1951); State v. Agudelo, 89 N.C.App. 640, 366 S.E.2d 921, appeal dismissed, disc. rev. denied, 323 N.C. 176, 373 S.E.2d 115 (1988); State v. Barnes, 91 N.C. App. 484, 372 S.E.2d 352 (1988); State v. Smith, 24 N.C.App. 498, 211 S.E.2d 539 (1975); State v. Blackshear, 10 N.C.App. 237, 178 S.E.2d 105 (1970); State v. Garnett, 4 N.C.App. 367, 167 S.E.2d 63 (1969); State v. Perry, 3 N.C.App. 356, 164 S.E.2d 629 (1968).
Except as herein modified, the decision of the Court of Appeals is affirmed.
MODIFIED AND AFFIRMED.