## STATE v. FLOYD VALLEY.

### (Filed 16 April, 1924.)

**1. Criminal Law—Statutes—Constitutional Law—Taxation—Trades—Classification—License.**

The Legislature has constitutional authority to select and classify occupations and trades for the purpose of taxation, and to impose a license tax on the business of procuring laborers in this State to send into another State to work there, and make it a misdemeanor, imposing a fine or punishment for those who conduct this business in violation of the statute.

**2. Instructions—Appeal and Error.**

An instruction which is correct as to its related parts, upon the matter excepted to, will not be held for reversible error because of a portion thereof, so related, excepted to, if standing alone, is erroneous.

**3. Criminal Law—Taxation—Trades—Misdemeanors—License—Burden of Proof.**

Where the defendant is on trial for a misdemeanor in violating a statute requiring one engaged in the business of hiring laborers in this State to work in another State to pay a tax and obtain a license therefor, the burden is on the defendant to show that he had obtained the license required by the Statute. *S. v. Lowe, ante,* 524, cited and distinguished.

APPEAL by defendant from *Shaw, J.,* at June Term, 1923, of DAVIDSON.

Criminal action, for unlawfully procuring laborers for employment out of the State without having obtained license for such business. Verdict, guilty. Judgment. Defendant excepted and appealed, assigning errors.

*Attorney-General Manning and Assistant Attorney General Nash for the State.*
*Phillips & Bower and F. L. Webster for defendant.*

HOKE, J. The Revenue Act of 1923, ch. 4, sec. 79, imposes a license tax of $200 for each county for the procuring of laborers for employment out of the State, and makes it a misdemeanor for any person, firm, or corporation to engage in such business without having paid the tax and obtained a license as required by the statute. The power of the State Legislature to impose taxes of this character, and to select and classify the occupations and trades which shall be subjected to the same, has been fully sustained in the decisions on the subject. *S. v. Lowe,* ante, 524; *Smith v. Wilkins,* 161 N. C., 135; *S. v. French,* 109 N. C., 722. The defendant has been convicted and sentenced for violation of this statutory provision, and we find no reason for disturbing the result.

It is objected for defendant that his Honor, among other things, charged the jury as follows: "Now, the charge is that the defendant was engaged in the business of procuring laborers for employment out of North Carolina, and the court charges you that if he was here, procuring one, or two, or more men to go to work in another State, he would be guilty."

If it be conceded that this excerpt, standing alone, might be the subject of criticism, on the record it may not be taken in that way, for the charge, in the very same paragraph, proceeds: "But before you can convict the defendant you must be satisfied beyond a reasonable doubt that defendant was engaged in the business of employing labor to go out of the State."

In various decisions on the subject it is held that a charge shall be considered as a whole in the same connected way in which it was given, and on the presumption that the jury did not overlook any portion of it, and, when so taken, it "fairly and correctly presents the law, it will afford no ground for reversing the judgment, even if an isolated expression should be found technically inaccurate." *S. v. Dill,* 184 N. C., at p. 650, citing *S. v. Exum,* 138 N. C., 599, and other cases.

In this and other portions of his Honor's charge, and taking the same in an entirety, the jury were fully instructed that to constitute the offense the defendant must have been engaged in the business of pro-

curing laborers here for employment beyond the limits of the State, and they could not have been mistaken or misled by the excerpt objected to.

Defendant excepts further that his Honor charged the jury that "the burden of showing a license was on the defendant." This position, directly declared by the Court in *S. v. Morrison,* 14 N. C., 299, was reaffirmed in *S. v. Emery,* 98 N. C., 668, and has since been the unquestioned ruling with us in prosecutions of this character.

It was further and very earnestly contended for appellant that his motion for nonsuit should have been sustained for an entire lack of evidence tending to show that defendant was engaged in the business of procuring laborers for the purpose specified. It would serve no useful purpose to refer in detail to the features of the testimony as to this matter, and we consider it sufficient to say that we have carefully examined the record and are of opinion that there is ample evidence to permit the inference that defendant was engaged in the business of procuring labor for employment out of the State, and to uphold the conclusion reached by the jury.

There is nothing in the decision of *S. v. Lowe, supra,* that in any way conflicts with the disposition we make of the present appeal. In that case there was a special verdict, which established the fact that defendant was not engaged in the business of procuring labor, within the meaning of the statute, but was here to get hands for the work in which he himself was engaged, and of which he had charge. While here the jury, under a charge free from error, has found that defendant was engaged in the business of procuring labor, etc.

There is no error, and the judgment below is affirmed.

No error.