State v. Cox

STATE OF NORTH CAROLINA v. ALBERT COX, JAMES EARL
COVINGTON and GRAELYN R. GODFREY

No. 801SC227

(Filed 2 September 1980)

1. **Rape § 4.3– character of prosecutrix – motion to strike evidence denied**

    The trial court in a first degree rape prosecution did not err in denying
    defendants' motion to strike character evidence given on direct examina-
    tion, since each witness stated that she had formed an opinion as to the
    character and reputation of the prosecutrix; each then stated her opinion;
    this was the proper procedure; the evidence was admitted without objection;
    the character or reputation of the prosecutrix was not a real issue in the
    case; and the answers given by the witnesses on cross-examination ex-
    plained the foundation upon which the witnesses' testimony was based.

2. **Criminal Law § 89.3– corroborating witness – no limiting instruction given by
    court**

    The trial court did not err in allowing a corroborating witness to state
    whether the in-court testimony of the prosecutrix varied from the statement
    he had taken from her, and the trial judge was not required to give a limiting
    instruction in the absence of a request by defendants.

3. **Kidnapping § 1.2; Rape § 5– sufficiency of evidence**

    In a prosecution for rape and kidnapping, evidence was sufficient to be
    submitted to the jury where it tended to show that the three defendants
    acted in concert; defendants induced the prosecutrix into their car on the
    pretense of going one place but then took her, against her will, to another;
    and the prosecutrix testified without reservation that each defendant raped
    her.

4. **Criminal Law § 113.6– three defendants – instructions as to each given separ-
    ately**

    Where the trial court carefully listed each element of each offense,
    including the lesser offense, for each of the three defendants and instructed
    the jury as to each defendant separately from the other defendants, the
    charge was not susceptible to a construction that the jury should convict all
    defendants if it found one defendant guilty.

5. **Criminal Law §§ 14, 15– no challenge to venue – crime committed in one county –
    trial in another county – jurisdiction of superior court**

    There was no merit to defendants' contention that the trial court erred
    in permitting the jury in Pasquotank County to convict them for the offenses
    which occurred outside the county, even in another State, since defendants
    failed to raise questions of venue and jurisdiction at trial, and, had a ques-
    tion been raised, the evidence clearly showed that prosecutrix was in Pas-
    quotank County when the kidnapping occurred; the evidence showed that
    each defendant raped the prosecutrix in Rocky Mount, N.C.; and the Super-

State v. Cox

ior Court would have jurisdiction of the offense of rape committed anywhere in the State.

6. **Criminal Law § 113.7– acting in concert – failure to instruct – error**

In a prosecution of three defendants for kidnapping and first degree rape, the trial court erred in failing to instruct the jury on the issue of acting in concert with respect to the kidnapping charge against two of the defendants.

APPEAL by defendants from *Barefoot, Judge.* Judgments entered 31 August 1979 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 13 June 1980.

Defendants were indicted on charges that on or about the third day of March, 1979, in Pasquotank County, they unlawfully, willfully, and feloniously did ravish Angela Pettiford by force and against her will by overcoming her resistance by the use of a knife, at a time when each defendant was over 16 years of age, said offenses constituting first degree rape under G.S. 14-21. Defendants were also indicted on charges of kidnapping arising out of the same incident, said indictments alleging that on or about the third day of March, 1979, in Pasquotank County, they unlawfully and feloniously kidnapped Angela Pettiford, a person over 16 years of age, without her consent, for the purpose of committing rape. Defendants were tried together, and each was convicted of second degree rape and kidnapping. Each defendant was sentenced to an active term of imprisonment of not less than 30 nor more than 40 years on each charge. The sentences were to be served consecutively.

STATE'S EVIDENCE

The State's evidence tended to show that on 2 March 1979, the prosecutrix, Angela Pettiford, a freshman at Elizabeth City State University, lived on campus. At approximately 12:00 midnight, Ms. Pettiford was paged by the student on duty at the reception desk in her dormitory and told that she had a visitor in the lobby. Upon entering the lobby, she observed her cousin, defendant Cox, who was dressed in a military uniform. Cox told her he had been unsuccessful in trying to find a cousin of theirs, who was also a student at Elizabeth City State University, and that he was looking for a place to sleep and some food. The

prosecutrix offered to show him which dormitory their cousin lived in.

After changing clothes, she asked a girlfriend on her hall to walk across campus and back with her while she took defendant Cox to her cousin's dormitory. Ms. Pettiford walked out of the dormitory with defendant Cox, who then suggested that they drive to the dormitory. Her girlfriend lingered momentarily in front of the dormitory talking to some friends while Ms. Pettiford and defendant Cox walked toward his car, a two-door Volkswagen. When she arrived at the car, she noticed defendants Covington and Godfrey seated in the car. Defendant Cox told her they were hitchhikers he had picked up earlier. Ms. Pettiford got into the back seat and directed her cousin, who was driving the car, to the dormitory in question. However, Cox did not turn into the dormitory parking lot and instead drove off campus toward a nearby shopping mall.

Ms. Pettiford protested that she could not go off campus and asked defendant Cox to take her back to her dormitory. After driving past Albemarle Hospital, Cox turned into a newly built subdivision, where his car got stuck in a ditch. All the occupants except Cox got out of the car to help push the car out of the ditch. A young man who lived in the subdivision drove up in a four wheel drive truck and helped pull the car out of the ditch. At that time, Ms. Pettiford asked the young man to take her back to the Elizabeth City State University campus; however, defendant Cox spoke up and said that he would take her back. Nevertheless, after he got on U.S. Highway 17, he began heading away from Elizabeth City. The prosecutrix continued to ask her cousin to take her back to school. Cox replied by saying, "O.K., it's party time." Prior to that time, she heard defendants Covington and Godfrey referred to as "Dave" and "Joe." Neither defendant Covington nor Godfrey said anything up to that point. Thereafter, defendant Godfrey took out a can of beer and a large bottle of wine from behind the back seat. When Ms. Pettiford declined to drink anything, defendant Cox said, "O.K. boys, pull out the toys," at which time, defendant Godfrey displayed a butcher knife and held it up to her face. Thereafter, defendants forced the prosecutrix to drink beer and wine.

During this time, defendant Cox was still driving the car. Defendant Cox told defendant Covington to get in the back seat with the prosecutrix and Godfrey. The prosecutrix was then forced to have oral sex and sexual intercourse with defendants Covington and Godfrey. Cox then stopped the car, and while the co-defendants got in the front seat, Cox got in the back seat and had sexual intercourse with the prosecutrix against her will. The prosecutrix was not aware of her location or the time when the sexual contacts took place, although she stated, "We were probably in Elizabeth City." She was drunk and finally fell asleep in the back seat.

When she was awakened about 6:00 a.m. on 3 March, she found she was in Alexandria, Virginia. The defendants took her to an apartment occupied by defendant Cox, where he forced her to have sexual intercourse again in a bedroom of the apartment. The prosecutrix continued to ask to be returned to school. At about 12:00 noon on 3 March, defendants and Ms. Pettiford left Alexandria and headed south into North Carolina. However, defendant Cox drove to Rocky Mount, where he checked into a Holiday Inn Motel. That evening from about 8:30 p.m. until 1:00 a.m. on Sunday, 4 March, defendants each repeatedly had sexual intercourse with the prosecutrix against her will. Sometime after 8:00 a.m. that Sunday morning, defendants took the prosecutrix to the bus station in Rocky Mount, where they put her on a bus to Elizabeth City. Upon arriving in Elizabeth City, Ms. Pettiford called her roommates and asked them to pick her up. Ms. Pettiford's boyfriend accompanied her roommates to the bus station, at which time, she broke down and told them she had been kidnapped and raped by defendants.

The State presented the corroborative testimony of a Pasquotank County deputy sheriff and an SBI agent, to whom the prosecutrix gave statements; the prosecutrix's roommates and boyfriend; the young man who pulled defendant Cox's car out of the ditch during the early morning hours of 3 March; two character witnesses for the prosecutrix, who served as residence directors at Elizabeth City State University; and a physician who examined the prosecutrix on the evening of 4 March. The physician found no signs of injury in the vaginal area, but he did find traces of degenerative sperm.

### DEFENDANTS' EVIDENCE

Defendant Cox testified that he and Ms. Pettiford are first cousins; that he is married; that on the Friday in question, he left Alexandria, Virginia for Fort Meyer, Virginia, where he picked up his friends, Godfrey and Covington, in his 1974 two-door Volkswagen for a trip to Nashville, North Carolina; that he decided to go to Elizabeth City to see if his cousin, Ronald Richardson, wanted to go home with him; that he could not find Ronald; and that he then went over to see his cousin, Angela, at her dormitory on campus at Elizabeth City State University. Defendant Cox asked her if there was any place where they could get something to eat, some beer, and herbs for his friends, Godfrey and Covington, who were sitting in his car and who were introduced to Ms. Pettiford. Defendant agreed that his car got stuck in the mud in the Pine Lake Section early Saturday, 3 March 1979, and was pulled out with a Blazer operated by State's witness John Bulman. Defendant testified, "All of us decided to go to my apartment to pick up a change of clothes," because our clothes were muddy. Defendant Cox stated that he had sex with Angela in his apartment in Virginia and once or twice in the Holiday Inn in Rocky Mount. Godfrey and Covington both had sex with her in Rocky Mount but not in Virginia. All sexual intercourse was with prosecutrix's consent. Cox denied that he kidnapped his cousin from the campus.

Defendants Covington and Godfrey each admitted having sex with prosecutrix in the car after the car was pulled out of the mud in Elizabeth City, in Virginia, and in Rocky Mount; that the prosecutrix consented to such; that she was not kidnapped; and that they first met the prosecutrix on the date of the events in question.

The jury found the defendants guilty of second degree rape and kidnapping. From the judgment entered and sentences imposed, defendants appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Twiford, Trimpi, Thompson & Derrick, by John G. Trimpi and C. Everett Thompson, for defendant appellants.*

ERWIN, Judge.

Defendants make several assignments of error common to each defendant. We find no error in the trial as to defendant Cox; however, we are compelled to award a new trial to defendants Covington and Godfrey on the kidnapping charges for the reasons that follow.

Witness Dorothy Newby testified:

"In my capacity as resident director I have had an occasion to become acquainted with the young lady by the name of Angela Pettiford. I did have an occasion from time to time to see Ms. Pettiford at or about the campus during the last school year in 1978-1979.

Q. And I ask you whether or not you had an opportunity and occasion to form some opinion about the character and reputation of Angela Pettiford?

OBJECTION.

OVERRULED.

Q. You can answer the question. Did you form some opinion?

A. Yes.

Q. And was that opinion based upon the information there on the campus community, or your contact with her on campus?

A. My contact with her on campus.

Q. And what is your opinion as to the character and reputation of Angela Pettiford?

A. My opinion is that she is a very nice young lady, and has a very good character."

On cross-examination, she testified:

State v. Cox

"Q. Who have you heard discuss her reputation?

A. I haven't heard anyone discuss her reputation.

MR. ROSSER: Move to strike her testimony.

COURT: I didn't hear your question.

MR. ROSSER: I asked her who had she heard discuss the reputation of Angela Pettiford, and she said she had heard no one discuss it. And I move to strike the testimony as to her character, and reputation.

COURT: I am Denying your Motion."

Witness Shirley Barnes testified:

"I have particular concern with Bias Hall, the freshman dormitory at Elizabeth City State. I have been employed at Elizabeth City State for five years. At Bias Hall for two years. I have had an opportunity to become personally acquainted with Angela Pettiford during the school year 1978-1979. To my knowledge she was a resident of Bias Hall. I would see her everyday or two possibly, depending on how my schedule was. From my personal observations in and about the campus community I did form an opinion satisfactory to myself as to the character and reputation of Angela Pettiford. As to what my opinion as to her character and reputation is, she is a very nice young lady."

On cross-examination, she testified:

"Q. Have you heard anyone discuss her character and reputation prior to today?

A. No.

MR. ROSSER: Move to strike.

COURT: Denied.

EXCEPTION No. 2"

State v. Cox

[1] Defendants contend that the trial court should have allowed his motions to strike the evidence admitted on direct examinations, and in failing to do so, the court committed prejudicial error. We do not agree.

Each witness stated that she had formed an opinion as to the character and reputation of the prosecutrix; thereafter, each stated her opinion. This procedure was the correct one. *State v. Stegmann*, 286 N.C. 638, 213 S.E. 2d 262 (1975), *modified*, 428 U.S. 902, 49 L.Ed. 2d 1205, 96 S.Ct. 3203 (1976); *see Johnson v. Massengill*, 280 N.C. 376, 186 S.E. 2d 168 (1972). The evidence was admitted without objection. The character or reputation of the prosecutrix was not a real issue in the case. The answers given by the witnesses on cross-examination explained the foundation upon which the witnesses' testimony was based. This aided the jury in determining what weight, if any, should be given to the evidence in question. We do not find prejudicial error in the court's denying defendants' motion to strike the evidence given on direct examination. Defendants must show that the error was material, prejudicial, and amounted to a denial of some substantial right. *State v. Jones*, 278 N.C. 259, 179 S.E. 2d 433 (1971); *State v. Turner*, 268 N.C. 225, 150 S.E. 2d 406 (1966); 4 Strong's N.C. Index 3d, Criminal Law, § 169.1, p. 866. Defendants have not shown prejudice, and this assignment of error is overruled.

[2] Defendants contend that the trial court erred in allowing a corroborating witness to invade the province of the jury and draw his own conclusion as to whether the in-court testimony of the prosecutrix varied from the statement he had taken from her. Detective O.L. Wise was asked by Mr. Watts:

"Q. And at any point of time in her statement to you did she say anything different from what she testified to here?

OBJECTION.

OVERRULED.

EXCEPTION No. 3

A. No, sir."

A prior, consistent statement of the witness to strengthen her credibility is admissible. "And it makes no difference, in this State at least, whether such evidence appears in a verbal or written statement, nor whether verified or not." *Bowman v. Blankenship*, 165 N.C. 519, 522, 81 S.E. 746, 747 (1914). *See* 1 Stansbury, N.C. Evidence (Brandis rev. 1973), § 51. Defendants did not request an instruction restricting the use of the evidence which corroborates the testimony of the witness. This admission of the evidence and the failure of the trial judge to give a limiting instruction is not error. *State v. Sauls*, 291 N.C. 253, 230 S.E. 2d 390 (1976), *cert. denied*, 431 U.S. 916, 53 L.Ed. 2d 226, 97 S.Ct. 2178 (1977); *State v. Bryant*, 282 N.C. 92, 191 S.E. 2d 745 (1972); *State v. Lee*, 248 N.C. 327, 103 S.E. 2d 295 (1958). This assignment of error is overruled.

**[3]** Defendants contend that the trial judge erred in denying their motions to dismiss at the close of all the evidence. This assignment of error is wholly without merit. The evidence presented by the State and taken in the light most favorable to it was sufficient to submit to the jury each offense charged and to support a verdict thereon. The evidence clearly shows that the defendants acted in concert from the very beginning. Defendant Cox gave instructions to defendants Covington and Godfrey, who followed them, and Cox drove his car transporting the prosecutrix against her will. All defendants were present at the scene and appeared to act in a common plan or purpose to commit the crime of kidnapping. *See State v. Joyner*, 297 N.C. 349, 255 S.E. 2d 390 (1979). The prosecutrix testified without reservation that each defendant raped her. Such evidence was sufficient to overrule defendants' motion and submit the case to the jury on the charges of rape against each defendant.

**[4]** In defendants' fourth assignment of error, they contend that the trial court erred in not instructing the jury that the guilt or innocence of each defendant should be considered separately from the guilt or innocence of the others as to each of the offenses. We do not agree.

Our Supreme Court has held in several cases that when two or more defendants are jointly tried for the same offense, a charge which is susceptible to the construction that the jury

State v. Cox

should convict all if it finds one guilty is reversible error. *State v. Tomblin,* 276 N.C. 273, 171 S.E. 2d 901 (1970); *State v. Williford,* 275 N.C. 575, 169 S.E. 2d 851 (1969); *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230 (1969); *State v. Harvell,* 256 N.C. 104, 123 S.E. 2d 103 (1961).

The trial court was careful to list each element of each offense, including the lesser included offense, for each of the three defendants and instructed the jury as to each defendant separate from the other defendants. We do not see the charge as being susceptible to a construction that the jury should convict all the defendants if it finds one guilty. To us, the charge fairly and correctly presented the law in the cases. *See State v. Valley,* 187 N.C. 571, 122 S.E. 373 (1924). We overrule this assignment of error.

**[5]** By their fifth and sixth assignments of error, defendants contend that the trial court, by its charge, permitted the jury to convict defendants on both offenses "for what happened outside the County of Pasquotank, even in another state." We fail to find any error.

G.S. 15A-952 provides the procedure for a defendant in a criminal case to raise the questions of venue and jurisdiction. Here, defendants failed to raise either question. Failure to raise the question of venue before or during the trial constitutes a waiver. G.S. 15A-952(e). Had the question of venue or jurisdiction been raised at trial, the evidence would have clearly shown that prosecutrix was in Pasquotank County when the event relating to the offense of kidnapping occurred. The State's evidence constituted a *prima facie* showing that this offense occurred in Pasquotank County and was sufficient to support a conclusion that the offense occurred in Pasquotank County and to fix venue in that county.

The record does not reveal that the first rape by each defendant did not occur outside of Pasquotank County. The evidence tended to show that each defendant raped the prosecutrix in Holiday Inn No. 2 in Rocky Mount, North Carolina. The Superior Court, our trial court of general jurisdiction, would have jurisdiction of the offense of rape anywhere in the State. The

Superior Court in Pasquotank County would have jurisdiction to hear and decide the occurrences which happened in Rocky Mount, although in another county. Improper venue would not oust jurisdiction of the Superior Court in session in Pasquotank County. Each defendant raised two defenses at trial: (1) that prosecutrix consented to go with them to Virginia and Rocky Mount; and (2) that each act of sexual intercourse was with consent.

[6]  Assignment of Error No. 7 reads: "The trial judge erred in failing to apply the law regarding acting in concert with respect to the kidnapping charges levied against each of the joint defendants." We find merit in this assignment of error as it relates to defendants Covington and Godfrey. The trial court instructed the jury adequately with reference to acting in concert on the offenses of rape. A study of the complete charge leads us to conclude that the trial court should have instructed the jury on the issue of acting in concert with respect to the kidnapping charge against defendants Covington and Godfrey. The failure to so charge entitled defendants Covington and Godfrey to a new trial on the offense of kidnapping. We find no error in the trial of defendant Cox. The evidence tends to show that he initiated and directed the shockingly wicked acts against his first cousin.

Defendant Covington is awarded a new trial in Case No. 79CRS1552, wherein he is charged with the offense of kidnapping. Defendant Godfrey is awarded a new trial in Case No. 79CRS1554, wherein he is charged with the offense of kidnapping.

We find no error in Case No. 79CRS793 (second degree rape) and Case No. 79CRS794 (kidnapping) against defendant Cox. We find no error in Case No. 79CRS1553 (second degree rape) against defendant Covington and no error in Case No. 79CRS1555 (second degree rape) against defendant Godfrey.

Judges ARNOLD and HILL concur.