State v. Bolt

_____

STATE OF NORTH CAROLINA v. JOHN C. BOLT, JR.

No. 8510SC1206

(Filed 3 June 1986)

Elections § 15— exceeding contribution limit—venue for prosecution
    The proper venue under N.C.G.S. § 163-278.27 of a prosecution for exceeding the statutory limitation on individual contributions to a candidate is the county in which the individual contributor resides.

APPEAL by the State from *Read, Judge.* Judgment entered 26 June 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 11 March 1986.

The State appeals from a judgment of the Superior Court of Wake County, dismissing the criminal summons against the defendant for lack of jurisdiction.

*Attorney General Lacy H. Thornburg by Assistant Attorney General James Wallace, Jr. for the State.*

*Boyce, Mitchell, Burns and Smith, P.A., by G. Eugene Boyce and Susan K. Burkhart for defendant-appellee.*

PARKER, Judge.

Defendant is a resident of Wilson County. The District Attorney for the Tenth Judicial District, which includes only Wake County, brought this complaint against defendant, alleging a violation of North Carolina Election Laws, specifically the limitation on individual contributions to any candidate contained in G.S. 163-278.13. General Statute 163-278.27 provides, in relevant part:

(b) Whenever the Board has knowledge of or has reason to believe there has been a violation of any section of this Article, it *shall* report that fact, together with accompanying details, to the following prosecuting authorities:

(1) In the case of a candidate for nomination or election to the State Senate or State House of Representatives: report to the district attorney of the prosecutorial district in which the candidate for nomination or election resides;

(2) In the case of a candidate for nomination or election to the office of Governor, Lieutenant Governor, Secretary of State, State Auditor, State Treasurer, State Superintendent of Public Instruction, State Attorney General, State Commissioner of Agriculture, State Commissioner of Labor, State Commissioner of Insurance, and all other State elective offices, Justice of the Supreme Court, Judge of the Court of Appeals, judge of a superior court, judge of a district court, and district attorney of the superior court: report to the district attorney of the prosecutorial district in which Wake County is located;

(3) In the case of an individual other than a candidate, including, without limitation, violations by members of political committees, referendum committees or treasurers: *report to the district attorney of the prosecutorial district in which the individual resides*; and

(4) In the case of a person or any group of individuals: report to the district attorney or district attorneys [of] the prosecutorial district or districts in which any of the officers, directors, agents, employees or members of the person or group reside.

(c) Upon receipt of such a report from the Board, *the appropriate district attorney shall prosecute* the individual or persons alleged to have violated a section or sections of this Article. (Emphasis added.)

Defendant resides in the Seventh Judicial District. The Superior Court judge dismissed the criminal action brought in the Tenth Judicial District, ruling that the courts of the Tenth District lacked jurisdiction to hear the case. The State's sole assignment of error raises the issue whether G.S. 163-278.27 is a jurisdictional statute, as the trial court concluded, or merely a concurrent venue statute, as the State contends.

Defendant was accused of contributing in excess of the statutory limit to the Rufus Edmisten for Governor Committee. The contributions were sent to the Committee's address in Raleigh. Our venue statutes, G.S. 15A-131, *et seq.*, provide that "[a]n offense occurs in a county if any act . . . constituting part of the offense occurs within the territorial limits of the county." G.S. 15A-131(e). It is further provided that venue "lies in the county where the charged offense occurred." *Id.*, (c). The State argues that G.S. 163-278.27 must be read in conjunction with the venue statutes, giving the State the power to proceed against a defendant wherever "any . . . act constituting part of the offense occurs . . . ." Under this theory, concurrent venue would lie in Wake and Wilson counties. G.S. 15A-132(a).

In order to properly address this question, we need first to distinguish between jurisdiction and venue. Statewide jurisdiction to hear criminal matters is vested in our trial court of general jurisdiction, the Superior Court. N.C. Const. Art. IV, § 12(3). By statute, the General Assembly has given the District Court division statewide jurisdiction to hear misdemeanors. N.C. Const. Art. IV, § 12(4); G.S. 7A-272. Because this jurisdiction is statewide, jurisdictional issues should arise only to determine: (i) whether North Carolina courts can hear the case, *see State v. Batdorf*, 293 N.C. 486, 238 S.E. 2d 497 (1977); and (ii) which division of the General Court of Justice must first try the matter. *See State v. Karbas*, 28 N.C. App. 372, 221 S.E. 2d 98, *disc. rev. denied*, 289 N.C. 618, 223 S.E. 2d 394 (1976).

On the other hand, when deciding the proper county in which to bring the criminal action, principles of venue, not jurisdiction,

are involved. Improper venue will not deprive the court of juris-
diction. *State v. Cox*, 48 N.C. App. 470, 269 S.E. 2d 297 (1980). A
jurisdictional challenge questions the "very power of this State to
try [the defendant]." *Batdorf* at 493, 238 S.E. 2d at 502. In this
case the question is not whether the State has the power to pros-
ecute one who violates our election laws, but rather where the
State must prosecute that person. That question is one of venue.
This case is distinguished from *State v. Randolph*, 312 N.C. 198,
321 S.E. 2d 864 (1984), where the Supreme Court ruled that a
grand jury in Wake County did not have jurisdiction to issue an
indictment for an offense committed in Cumberland County. The
grand jury is limited in its jurisdiction to the county in which it
sits. *Id.*; *State v. Mitchell*, 202 N.C. 439, 163 S.E. 581 (1932). How-
ever, the decision as to the county in which defendant should be
tried presents a question of venue because our trial courts have
statewide jurisdiction.

Were we to agree with the court below and hold that ex-
clusive jurisdiction in this case lies in Wilson County, a defend-
ant's right to move for a change of venue under G.S. 15A-957
would be effectively destroyed. For example, under that inter-
pretation, because no other court would have jurisdiction to hear
the case, a defendant could conceivably be forced to go to trial in
his home county despite prejudicial publicity.

In our view, the better reasoned position is that G.S.
163-278.27 is a legislative determination that the crime of violat-
ing any section of Article 22A of Chapter 163, when committed by
"an individual other than a candidate," is committed where the in-
dividual resides. Thus, venue lies solely in that county, subject
only to defendant's right to move for a change of venue. The
State, in its brief, appears to wish us to substitute the word
"may" where the word "shall" appears in the statute. We cannot
do this. The statute is clearly mandatory in its language. The
State Board of Elections *shall* report a violation of election laws,
when committed by an individual other than a candidate, to the
district attorney of the judicial district in which the individual
resides. That district attorney — the "appropriate" district attor-
ney — *shall* prosecute the individual. The statute does not merely
permit, but rather requires this procedure.

Although the court below based its ruling on jurisdiction rather than venue, the correct result was reached and we hold that the action should have been dismissed for improper venue. For the reasons stated herein, the judgment is

Affirmed.

Judges WHICHARD and EAGLES concur.