STATE OF NORTH CAROLINA v. IRVIN BARNES

No. 887SC104

(Filed 4 October 1988)

1. **Burglary and Unlawful Breakings § 5.3— acting in concert to "rough up" victim—burglary committed in furtherance of assault—sufficiency of evidence**

There was sufficient evidence as to defendant's presence and a common plan or purpose to submit the charge of burglary to the jury under the theory of acting in concert where the evidence tended to show that defendant and three others went to the home of the victim to "rough up" her and her boyfriend; two of defendant's accomplices broke into the victim's house by kicking in the door; and defendant remained five or six yards from the house or down the road, but close enough to apprehend the boyfriend who fled from the house immediately after the burglary.

2. **Criminal Law § 113.7— acting in concert—presence of defendant at crime scene—instructions not prejudicial**

The trial court's alleged failure properly to instruct the jury that defendant must have been present at the time of the crimes in order to be guilty under the doctrine of acting in concert did not amount to plain error since defendant was actually or constructively present when all of the crimes were committed, and the alleged error had no probable impact on the jury's verdict.

3. **Burglary and Unlawful Breakings § 8; Rape § 7— first degree burglary and statutory rape—concurrent life sentences imposed—error in instructing on statutory rape harmless**

Where defendant received a life sentence for statutory rape which was to run concurrently with a life sentence imposed for burglary, any error of the trial court in instructing with regard to statutory rape was harmless error.

4. **Criminal Law § 99.6— court's remarks to witness—no error**

There was no merit to defendant's contention that the trial court violated defendant's due process right to a fair trial by interrupting the testimony of a

witness and addressing remarks to the witness and his counsel, since all of the court's comments were made out of the hearing of the jury and therefore could not have invaded the jury's province of determining credibility; the judge never threatened or accused the witness in any way, and the witness continued to testify in much the same way as before the judge's comments; defendant's attorney was able to elicit essential testimony from the witness; and there was nothing in the record which questioned the impartiality of the judge.

5. **Criminal Law § 113.6— two defendants—jury instructions—use of "and/or"— no prejudice**

Defendant who was tried with an accomplice was not prejudiced by the trial court's use of "and/or" in the jury instructions since the trial court explained in the preliminary instructions before trial and in the instructions at the close of the evidence that defendants must be judged "completely separately and absolutely independently" from each other; "and/or" was only used to delineate the elements of each crime; and the jury was not misled because defendant and his accomplice were convicted of different crimes.

APPEAL by defendant from *Stevens (Henry L., III), Judge.* Judgment entered 11 September 1987 in Superior Court, WILSON County. Heard in the Court of Appeals 1 June 1988.

On 7 September 1987, defendant and Willie Ray Ruffin were joined for trial and tried by a jury on seven bills of indictment. Each defendant was charged with first-degree burglary, statutory rape, robbery with a dangerous weapon, assault with a deadly weapon with intent to kill inflicting serious injury, assault with a deadly weapon inflicting serious injury, first-degree rape and first-degree sexual offense. On jury verdicts of guilty, the court entered judgments and imposed sentences on defendant as follows: (1) first-degree burglary—life imprisonment; (2) statutory rape—life imprisonment to run concurrently with the life sentence for burglary; (3) robbery with a dangerous weapon —twelve years imprisonment; (4) two counts of assault with a deadly weapon inflicting serious injury—three years imprisonment for each. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Lee, Reece & Weaver, by W. Earl Taylor, Jr., for defendant-appellant.*

ORR, Judge.

## I.

[1]  Defendant first assigns as error the trial court's allowing the jury to consider a charge of burglary based on the acting in concert principle. Defendant contends that the State failed to present evidence showing that defendant was present at the scene of the burglary or that the burglary was pursuant to a common plan.

Evidence presented at trial relevant to this issue is as follows: On 5 January 1987, defendant's uncle, Plummer Ruffin, agreed to pay defendant and three other men, Eric Blount, Willie Ruffin, and David Howard, $100 each to go to the home of Plummer's former girlfriend, Rosa Lee Epps, and "rough her up." Plummer further instructed them to "rough up" Epps' boyfriend, William Roberson, "if he got in the way." Plummer then drove the men to a bridge near Epps' home and armed each man with a metal pipe.

At approximately 7:30 p.m., Howard and Blount approached Epps' house. Defendant and Willie Ruffin stayed back so that the four men would not be seen together. Howard and Blount spoke to Roberson who was inside the house. They asked to use the telephone, the bathroom and the car in an attempt to get inside the house. Roberson denied all of their requests. Howard and Blount walked away from the house, and then decided to go back and "bust the door open." Howard kicked the door in and he and Blount immediately began assaulting Roberson and Epps. Roberson escaped, but was caught by defendant and Willie Ruffin who were waiting outside. It was unclear from testimony at trial whether defendant was waiting "down the road" or only "five or six yards" from the house. In either case, defendant shot a gun into the air, ordered Roberson to stop and, along with Willie Ruffin, took Roberson back into the house.

"The elements of burglary in the first degree are: (1) the breaking (2) and entering (3) in the nighttime (4) with the intent to commit a felony (5) into a dwelling house . . . (6) which is actually occupied at the time of the offense. *State v. Accor [and State v. Moore]*, 277 N.C. 65, 175 S.E. 2d 583 (1970); G.S. 14-51." *State v. Davis*, 282 N.C. 107, 116, 191 S.E. 2d 664, 670 (1972).

In North Carolina, one may be convicted of a crime under the "acting in concert" principle if "he is present at the scene of the crime and . . . he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime." *State v. Joyner*, 297 N.C. 349, 357, 255 S.E. 2d 390, 395 (1979).

We find defendant's contention that the State failed to provide evidence establishing that the burglary was part of a common plan to be without merit. The Supreme Court of North Carolina found no error in a jury instruction which stated that if

'two persons join in a purpose to commit a crime, each of them, if *actually or constructively present*, is not only guilty as a principal if the other commits that particular crime, but *he is also guilty of any other crime committed by the other in pursuance of the common purpose . . . or as a natural or probable consequence thereof.'

*State v. Westbrook*, 279 N.C. 18, 41-42, 181 S.E. 2d 572, 586 (1971) (emphasis added).

The plan to "rough up" Rosa Epps required either gaining entry into her house or persuading her to come outside. Clearly, breaking into her home was in pursuance of the common purpose to assault her.

We also find defendant's contention that there was no evidence of his presence at the scene of the burglary to be without merit. The presence required for acting in concert is either actual or constructive. *Id. See also State v. Ruffin*, 90 N.C. App. 705, 370 S.E. 2d 279 (1988). In defining constructive presence, this Court has held that actual distance is not determinative, but that "the accused must be near enough to render assistance if need be and to encourage the actual perpetration of the crime." *State v. Buie*, 26 N.C. App. 151, 153, 215 S.E. 2d 401, 403 (1975). In *State v. Chastain*, 104 N.C. 900, 10 S.E. 519 (1889), our Supreme Court upheld a jury instruction which stated that the defendant who was one hundred and fifty yards from the actual assault was present if he was there with a gun to lend aid if needed.

This case is factually similar to *Chastain*. The State's evidence tends to show that defendant was waiting with a gun

either five or six yards from the house or down the road, but close enough to lend aid by apprehending William Roberson who fled from the house immediately after the burglary.

We hold that there was sufficient evidence as to defendant's presence and a common plan or purpose to submit the charge of burglary to the jury under the theory of acting in concert.

## II.

[2] Defendant next assigns as error the trial court's failure to properly instruct the jury that defendant must have been present at the time of the crimes in order to be guilty under that doctrine.

Defendant failed to object to this instruction at trial. Consequently, for the instruction to be the basis of a reversal, it must rise to the level of "plain error." "Plain error" exists "where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . ." *State v. Odom,* 307 N.C. 655, 660, 300 S.E. 2d 375, 378 (1983) (emphasis supplied), *quoting, United States v. McCaskill,* 676 F. 2d 995, 1002 (4th Cir. 1982). In considering "plain error," "the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *Id.* at 661, 300 S.E. 2d at 379.

As discussed earlier, one may be convicted under the principle of acting in concert if one is present, actually or constructively, at the scene of the crime, and the crime was committed pursuant to a common plan or purpose. *State v. Westbrook,* 279 N.C. at 41-42, 181 S.E. 2d at 586. *See also State v. Joyner,* 297 N.C. at 357, 255 S.E. 2d at 395.

Defendant was actually present in the house when all of the crimes were committed, with the exception of burglary. The State's evidence, even when viewed in defendant's favor, demonstrates his constructive presence at the scene of the burglary. Since defendant was indeed present or constructively present when all of the crimes were committed, we can find no compelling basis for a belief that an instructional error with regard to presence had a probable impact on the jury's verdict. We hold that there was no "plain error" in this instruction.

### III.

**[3]** Next, defendant assigns as reversible error the trial court's denial of defendant's motion to dismiss the charge of statutory rape. Defendant argues that the State failed to prove every element of the crime because the State did not offer any evidence of defendant's age.

An essential element of the crime of statutory rape is that the defendant must be at least twelve years of age and at least four years older than the victim. N.C.G.S. § 14-27.2(a)(1) (1986).

Defendant questions the constitutionality of North Carolina decisions which allow jurors to determine a defendant's age based on their observation of the defendant. *See State v. Evans*, 298 N.C. 263, 258 S.E. 2d 354 (1979); *State v. Gray*, 292 N.C. 270, 233 S.E. 2d 905 (1977); *State v. McNair*, 93 N.C. 628 (1885).

We need not address the constitutional issues raised here in order to decide this case. "It is well settled that where concurrent sentences are imposed on counts of equal gravity, or concurrent sentences of equal length are imposed, any error in the charge relating to one count only is harmless." *State v. Evans*, 298 N.C. at 267, 258 S.E. 2d at 357. Here defendant received a life sentence for statutory rape which will run concurrently with the life sentence imposed for burglary. Therefore, any error on the part of the trial court regarding statutory rape was harmless error and is not grounds for reversal.

### IV.

**[4]** Defendant further contends that the trial court violated his due process right to a fair trial by interrupting the testimony of a witness and addressing remarks to the witness and his counsel. Defendant cites *State v. Rhodes*, 290 N.C. 16, 224 S.E. 2d 631 (1976), to support his contention that special hazards are created by judicial warnings and admonitions to a witness in a criminal trial.

*Rhodes* sets out four hazards which may result from judicial warnings and admonitions to a witness. First, the trial judge may invade the province of the jury by assessing the witness's credibility. *Id.* at 24, 224 S.E. 2d at 636. Second, a witness may change the testimony due to a judge's threat of prosecution for

perjury. *Id.* Third, defendant's attorney may be intimidated or discouraged from eliciting essential testimony from the witness. *Id.* at 26, 224 S.E. 2d at 637. Fourth, a judge's comments may reveal a violation of defendant's due process right to trial before an impartial judge. *Id.* at 27, 224 S.E. 2d at 638.

In *Rhodes*, the trial judge warned the witness (defendant's wife) and defendant's attorney regarding perjury. The judge stated that the witness was treading on thin ice, that he questioned the truthfulness of her statements and that he would not tolerate perjury. The Supreme Court found these remarks to be "extensive, accusatory, and threatening." *State v. Rhodes*, 290 N.C. at 28, 224 S.E. 2d at 639. The Court also found that these remarks prevented the defense attorney from questioning the witness further for fear of offering what the trial court believed to be perjured testimony.

In the case at bar, the trial court only interrupted the witness in response to defendant's objection to the district attorney's leading questions on direct examination. After sending the jury out of the courtroom, the judge found pursuant to N.C.G.S. § 8C-1, Rule 611(c) that State's witness David Howard was a hostile witness and that the State could employ leading questions. The trial judge did question the manner of the testimony, but never questioned the truthfulness of the testimony. He stated that the testimony was different from other testimony given by the same person concerning the same series of events and that the witness seemed reluctant to respond to questioning.

We cannot find any reason to suspect that the *Rhodes* hazards materialized in this case. All of the comments were made out of the hearing of the jury, and therefore could not have invaded the jury's province of determining credibility. The judge never threatened or accused the witness in any way, and the witness continued to testify in much the same way as before the judge's comments. Defendant's attorney was able to elicit essential testimony from the witness even getting the witness to agree that in repeatedly contradicting himself, he was "just like a feather twisting in the wind." Finally, neither in these comments, nor in any other instance in the record is there evidence which questions the impartiality of the trial judge.

We can find no prejudice to defendant; therefore, no error.

## V.

[5] Defendant next assigns as error the use of the language "and/or" in the jury instructions in that such language is ambiguous and confusing. Defendant contends that the jury may have been misled by the instruction to believe that it should convict all if one is found to be guilty. Again, defendant failed to object to the instructions. Accordingly, if the trial court committed an error, it must rise to the level of "plain error" to warrant a favorable ruling for defendant.

In a case where co-defendants are tried jointly, jury instructions which can be construed to mean that if one is convicted the other should be convicted as well, will constitute reversible error. *State v. Tomblin*, 276 N.C. 273, 276, 171 S.E. 2d 901, 903 (1970). However, in reviewing a charge, it "must be construed 'as a whole in the same connected way in which it was given.' When thus considered, if it 'fairly and correctly presents the law, it will afford no ground for reversing the judgment . . . .' " *Id.* at 276, 171 S.E. 2d at 903, *quoting, State v. Valley*, 187 N.C. 571, 572, 122 S.E. 373, 373-74 (1924).

The question then becomes did the use of "and/or" when viewed in the context of the entire charge mislead the jury? We find that it did not.

In the preliminary instructions before trial and in the instructions at the close of the evidence, the trial court explained that the defendants must be judged "completely separately and absolutely independently" from each other. "And/or" was only used to delineate the elements of each crime. After setting out the elements, the trial court additionally charged the jury without using "and/or" regarding what it must find to convict each defendant of each crime.

Finally, the jury does not appear to have been misled. Co-defendant Ruffin was found not guilty of the two rape charges, the first-degree sex offense, and the charge of robbery. Of these crimes, defendant Barnes was found guilty of statutory rape and robbery with a dangerous weapon. If the jury had been misled to believe that if one was convicted the other must be convicted, it would have found both defendants guilty of identical crimes.

For the reasons stated above, we find defendant received a fair trial free from prejudicial error.

No error.

Judges EAGLES and SMITH concur.