STATE v. CARTER

[96 N.C. App. 611 (1989)]

In the trial, we find no error.    .

Judges PARKER and GREENE concur.

---

STATE OF NORTH CAROLINA v. CHARLIE EDDIE CARTER

No. 8910SC357

(Filed 19 December 1989)

1. **Criminal Law § 71 (NCI4th)— offense occurring in two counties — concurrent venue — indictment first in Wake County — trial in Wake County proper**

    Wake and Franklin counties had concurrent venue for a charge of conspiracy to traffic in cocaine where the indictment alleged that the offense occurred in both counties, and Wake was the proper county for trial where defendant was indicted there before being indicted by the Franklin County Grand Jury; moreover, even if an indictment for trafficking in cocaine failed to name Wake County as a county in which the offense occurred, and venue was therefore technically incorrect in Wake County, the Superior Court of Wake County had jurisdiction to try the offense. N.C.G.S. §§ 15-155, 15A-132, 15A-631.

    **Am Jur 2d, Criminal Law §§ 361, 362, 366.**

2. **Criminal Law § 70 (NCI3d)— tape-recorded conversations — admissibility**

    Where the trial court conducted a voir dire with respect to tape-recorded conversations and made findings of fact which complied with the requirements set forth in *State v. Lynch*, 298 N.C. 604, and the record on appeal did not contain the tapes or the transcripts which were admitted into evidence, the court on appeal finds no error in admission of the tapes and transcripts.

    **Am Jur 2d, Evidence § 436.**

APPEAL by defendant from judgment entered 16 September 1988 by *Judge B. Craig Ellis* in WAKE County Superior Court. Heard in the Court of Appeals 22 September 1989.

Defendant was indicted in Wake County for conspiracy to traffic in cocaine and trafficking in cocaine. The indictments contained the following charges:

The Grand Jurors upon their oath present, that Charlie Eddie Carter, Rayford Doughty and others, late of the counties of Wake and Franklin on the 12th day of February, 1988 with force and arms, at and in the County aforesaid, did unlawfully, willfully, and feloniously agree, plan, combine, conspire and confederate each with the other to commit the felony of trafficking in cocaine. . . .

The Grand Jurors for the State upon their oath present that on or about the 12th day of February, 1988 in Franklin County the defendant named above [Charlie Eddie Carter] unlawfully, willfully and feloniously did commit the felony of trafficking in cocaine by selling to Rayford Doughty more than 400 grams of a mixture containing cocaine. . . .

Defendant made pretrial motions to dismiss the charges for improper venue and lack of jurisdiction. Defendant argued that the indictments charged offenses that did not occur in Wake County. The trial court denied defendant's motions.

At trial defendant objected to the trial court's ruling that certain tape recordings and transcripts of the tape recordings were admissible. The jury found defendant guilty of both charges. From a consolidated judgment entered on the verdicts, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorneys General Michael Rivers Morgan and Richard G. Sowerby, Jr., for the State.*

*Winborne & Winborne, by Vaughan S. Winborne, Jr. and P. Faison S. Winborne, and Robert T. Knott, for defendant-appellant.*

EAGLES, Judge.

Defendant makes three arguments on appeal. First, defendant asserts that the trial court erred in conducting the trial and pretrial proceedings in an improper venue. Defendant also argues that the trial court did not have jurisdiction to enter judgment and sentence because the grand jury lacked jurisdiction to indict him. Finally, defendant argues that the trial court erred in allowing the admission of certain tape recordings and transcriptions of those tape

STATE v. CARTER

[96 N.C. App. 611 (1989)]

recordings. After careful consideration of defendant's assignments of error and the record on appeal, we find no error.

Defendant's first two arguments relate to the indictments' language and the location of the alleged offenses. In order to properly address defendant's arguments, we first distinguish between jurisdiction and venue.

> Statewide jurisdiction to hear criminal matters is vested in our trial court of general jurisdiction, the Superior Court. N.C. Const. Art. IV, § 12(3) . . . . Because this jurisdiction is statewide, jurisdictional issues should arise only to determine: (i) whether North Carolina courts can hear the case, see State v. Batdorf, 293 N.C. 486, 238 S.E.2d 497 (1977); and (ii) which division of the General Court of Justice must first try the matter. See State v. Karbas, 28 N.C. App. 372, 221 S.E.2d 98, disc. rev. denied, 289 N.C. 618, 223 S.E.2d 394 (1976).

> On the other hand, when deciding the proper county in which to bring the criminal action, principles of venue, not jurisdiction, are involved. Improper venue will not deprive the court of jurisdiction. State v. Cox, 48 N.C. App. 470, 269 S.E.2d 297 (1980). A jurisdictional challenge questions the "very power of this State to try [the defendant]." Batdorf at 493, 238 S.E.2d at 502.

State v. Bolt, 81 N.C. App. 133, 135-36, 344 S.E.2d 51, 53 (1986). Here the question is not whether the State has the power to prosecute the defendant, but rather where the State may prosecute him. The question is one of venue.

Defendant's argument that Wake County lacks jurisdiction to prosecute him is without merit. Defendant relies on the common law rule which provided that a grand jury had the power to indict only for crimes allegedly committed within the county in which it sat, and "an indictment which alleged an offense occurred outside the county was void for lack of jurisdiction by the grand jury." See State v. Randolph, 312 N.C. 198, 207, 321 S.E. 2d 864, 870 (1984). However, our General Assembly has altered the common law rule. G.S. 15A-631 provides that:

> In the General Court of Justice, the place for returning a presentment or indictment is a matter of venue and not jurisdiction. A grand jury shall have venue to present or indict in

any case where the county in which it is sitting has venue for trial pursuant to the laws relating to trial venue.

[1] With regard to the venue issue, defendant argues that the indictments affirmatively allege that all criminal conduct occurred in Franklin County. The only connection to Wake County revealed in the conspiracy indictment was that at some prior time defendant had been present in Wake County. Defendant argues that the remaining allegations in the conspiracy indictment refer to the "county aforesaid" which is Franklin County. Additionally, defendant asserts that the trafficking indictment affirmatively alleges that the sale occurred in Franklin County. Relying on *State v. Batdorf*, 293 N.C. 486, 238 S.E. 2d 497 (1977), defendant argues that because the indictments affirmatively allege that all criminal conduct occurred in Franklin County there was a prima facie showing that Franklin County is the proper county for venue purposes, not Wake County.

The State argues that Franklin and Wake counties had concurrent venue for the conspiracy charge because the indictment alleged that the offense occurred in both counties. Therefore, under G.S. 15A-132, Wake County obtained exclusive venue when it indicted defendant on these charges before the Franklin County Grand Jury. G.S. 15A-132 provides that:

(a) If acts or omissions constituting part of the commission of the charged offense occurred in more than one county, each county has concurrent venue.

(b) If charged offenses which may be joined in a single criminal pleading under G.S. 15A-926 occurred in more than one county, each county has concurrent venue as to all charged offenses.

(c) When counties have concurrent venue, the first county in which a criminal process is issued in the case becomes the county with exclusive venue.

Additionally, the State argues that Wake County had venue for the trafficking charge because these offenses were part of the same transaction or occurrence and were joinable under G.S. 15A-926.

We have carefully considered defendant's argument but we are not persuaded. We do not agree that the conspiracy indictment alleges only activities that occurred in Franklin County. The conspiracy indictment names both Wake and Franklin counties. These allegations were sufficient to put defendant on notice of the crimes

charged. Defendant's argument regarding the conspiracy indictment is without merit.

The trafficking indictment alleges only Franklin County as the location of the offense; but contrary to defendant's argument, this is not sufficient to authorize us to reverse defendant's conviction. G.S. 15-155 provides that

> [n]o judgment upon any indictment for felony or misdemeanor, whether after verdict, or by confession, or otherwise, shall be stayed or reversed . . . for want of a proper and perfect venue, when the court shall appear by the indictment to have had jurisdiction of the offense.

Even if the trafficking indictment fails to name Wake County as a county in which the offense occurred, and venue was therefore technically incorrect in Wake County, the Superior Court of Wake County had jurisdiction to try the offense. As stated previously, G.S. 15A-631 provides that the return of an indictment is a matter of venue, not jurisdiction. Defendant's argument regarding the trafficking indictment is without merit.

[2] Defendant also asserts that the admission of certain tape recordings and the transcripts of those tape recordings constituted reversible error. Defendant argues that the recordings contained numerous inaudible portions which caused the audible statements to be taken out of context. We find no merit in defendant's argument.

> To lay a proper foundation for the admission of a defendant's recorded confession or incriminating statement, courts are in general agreement that the State must show to the trial court's satisfaction (1) that the recorded testimony was legally obtained and otherwise competent; (2) that the mechanical device was capable of recording testimony and that it was operating properly at the time the statement was recorded; (3) that the operator was competent and operated the machine properly; (4) the identity of the recorded voices; (5) the accuracy and authenticity of the recording; (6) that defendant's entire statement was recorded and no changes, additions, or deletions have since been made; and (7) the custody and manner in which the recording has been preserved since it was made.

*State v. Lynch*, 279 N.C. 1, 17, 181 S.E. 2d 561, 571 (1971) (involving defendant's recorded confession). These seven criteria also determine the admissibility of recorded conversations between a wit-

ness and the defendant. See *State v. Detter*, 298 N.C. 604, 260 S.E. 2d 567 (1979). Here the trial court conducted a *voir dire* with respect to each tape recorded conversation and made findings of fact that complied with the requirements set forth in *Lynch*. The record on appeal before us contains neither the tapes nor the transcripts which were admitted into evidence. From this record we cannot say the trial court erred in admitting the tapes and transcripts into evidence.

For the reasons stated, we find no error in the trial court.

No error.

Judges PARKER and GREENE concur.